135 So.2d 443 (1961)
Jean A. LATTA, Appellant,
v.
Parker A. LATTA, Appellee.
No. 61-205.
District Court of Appeal of Florida. Third District.
December 14, 1961.
Zugravu, Buck & Hawkesworth, Miami, for appellant.
Gustafson & Vernis, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and CARROLL and BARKDULL, JJ.
CARROLL, Judge.
This is a second appeal in this case. See Latta v. Latta, Fla.App. 1960, 121 So.2d 42. In the initial decree, in which a divorce was granted to the plaintiff husband, the *444 chancellor found the wife "entitled to some consideration in the matter of alimony in periodic installments or in a lump sum award," and reserved jurisdiction pending an effort by the parties to effect a property settlement. Later, the parties having failed to do so, an amended decree was entered in which the chancellor found the circumstances of the parties favored lump sum alimony, granted such alimony to the wife in the amount of $10,000, and required her to transfer to the husband her interest in the jointly owned home property.
On an appeal by the wife from that amended decree neither she nor the husband assigned as error or complained of the lump sum alimony award, and that portion of the decree was not disturbed on appeal. We affirmed the granting of the divorce, which the wife challenged, but we reversed the decree as to the provision requiring the wife to transfer to the husband her interest in the residence owned by them as tenants by the entireties, and for failure to determine and establish her interest in the business, and remanded the cause for further proceedings with reference to those two matters.
After remand, a second amended decree was entered which is now on appeal by the wife. In that subsequent decree or order the chancellor found the wife not entitled to alimony, and vacated the previously granted lump sum alimony. Her interest in the husband's business was fixed at one third, and the net value of the business was determined to be $2,000. On the present appeal the wife contends that the evidence required a higher value to be placed on the business and she seeks reversal of the withdrawal of her alimony. The appellee has failed to file a brief, a delinquency which appellate courts in this state repeatedly have condemned. See rule 3.7, subd. b. F.R.C.P., 31 F.S.A.
Appellant's contention regarding the business lacks merit. The chancellor's decision in that matter had due support in the evidence. Nor are we impressed by appellant's argument that more evidence on that point was available and that the chancellor erred in not making provision for additional testimony. It was discretionary, and no abuse of discretion is shown.
On the question of the alimony, the chancellor's order shows he felt that since the provision of the earlier decree for transfer to the husband of the wife's interest in the residence could not stand, the $10,000 alimony granted her (which the chancellor appears to have considered to approximate the value of her interest in the residence) should be taken away. In so providing the chancellor committed error.
The matter of alimony is separate and distinct from a determination of property rights of the parties. Eakin v. Eakin, Fla. 1958, 99 So.2d 854; Welsh v. Welsh, 160 Fla. 380, 35 So.2d 6; Heath v. Heath, 103 Fla. 1071, 138 So. 796, 82 A.L.R. 537.
The determination in the original and first amended decree that the wife was entitled to alimony, was final, and the award therein to her of lump sum alimony became vested. Blocker v. Ferguson, Fla. 1950, 47 So.2d 694, 697-98; Yandell v. Yandell, Fla. 1949, 39 So.2d 554, 556. The earlier appeal left that part of the decree untouched, and it was not included in the two features of the decree as to which further proceedings in the trial court were authorized and directed on remand.
Therefore the chancellor was not at liberty, on proceedings following remand of the cause, to vacate the previously granted award of lump sum alimony, and the order appealed from is hereby reversed to that extent. In other respects the order is affirmed.
Affirmed in part and reversed in part.