PER CURIAM.
The plaintiff Doris Mae Chester sued her husband Charles R. Chester for divorce. Judgment was entered on February 2, 1970, granting the plaintiff wife a divorce, awarding her alimony in the amount of $2,000 and ordering that such gross award be paid in installments of $20 a week until fully paid, with provision for the payments to commence on September 1, 1970, seven months after the judgment. The judgment permitted the plaintiff wife to continue residing in the jointly owned residence of the parties until September 1, 1970, to which date the husband was required to make the monthly mortgage payments and to pay the utility bills, with provision that after September 1, 1970, *191 each of the parties would be obligated to pay one half of the charges on the home property consisting of mortgage payments, taxes and insurance. The record disclosed that the wife’s obligation in that respect would amount to approximately $62 per month. By agreement the wife has remained in the residence during the period of this appeal, which was filed by her.
The appellant’s first contention is that on the facts of the case it was improper to allow the alimony in gross. We find merit therein, and reverse that feature of the decree on authority of Yandell v. Yandell, Fla.1949, 39 So.2d 554.
In the present case the gross award was not based upon any equity established against the husband by the wife, and it was revealed that the husband was not able to make lump sum payment of a gross award of alimony. Moreover, it was disclosed that the husband was burdened with certain indebtednesses which it would require some months for him to discharge, so as to make it impracticable for him to begin to pay even the small weekly installments which the court provided for, by reason whereof the court postponed the commencement of his payments for over six months from the date of the judgment.
By § 61.08 Fla.Stat., F.S.A., relating to alimony in judgments of divorce, the jurisdiction to order payment in lump sum of alimony allowed in gross is provided for as' follows: “In any award of permanent alimony the court has jurisdiction to order periodic payments or payment in lump sum or both.”
In Yandell v. Yandell, supra, the Supreme Court held it was not proper to make a lump sum award of alimony where the evidence failed to disclose that the wife was entitled thereto by an equitable contribution to the husband’s estate, unless the husband was financially in a position to pay the alimony thus awarded in a lump sum, and the Court there said: “* * * [I]t [a lump sum alimony award] should never be made unless the husband is in a financial position to make payment of such gross award without endangering or actually impairing his economic status.” (Italics supplied.)
From the wording of the statutory provision which authorizes an allowance of alimony in gross, it seems clear it was contemplated and intended that a gross award, when made, was to be paid forthwith, or if circumstances were such as to call for payment thereof in installments that they be substantial in amount and such as to accomplish full payment of the gross award in a reasonably prompt period. That intent of the legislation is supported by the Yandell decision wherein it was held that (except where granted because of a wife’s equitable interest) it is improper to make a gross award of alimony “unless the husband is in a position to make payment of the sum so granted over and above the requirements attendant upon the maintenance of his business or employment, or the preservation of his professional activities.”
In this case it was shown that the husband had an income of $1,000 per month, and that the wife earned $56 per week, amounting to approximately $240 per' month. Until such time as the parties effect a sale of the residence property now owned by them as tenants in common, the wife is required by the judgment to pay one half of the carrying charges thereon. In addition, upon removing from the residence of the parties, presumably the wife will be put to added expense for living quarters.
Accordingly, the award of alimony in gross as contained in the judgment is reversed, and the cause is remanded to the circuit court with direction to amend the decree to provide for alimony for the wife to be paid by the husband in periodic payments, in such amounts as the trial court may determine upon balancing the needs of the wife for her maintenance and support against the husband’s financial ability to supply such needs. The alimony in periodic payments as thus provided for should be made retroactive to the time of the final *192 judgment in the cause, giving the husband credit for any payments he may have made to the wife by virtue of the judgment, subsequent to September 1, 1970. The periodic payments of alimony which shall be so ordered by the trial court, retroactively to cover the period from the date of the judgment to the time of disposition of this appeal, may be somewhat less than the amount of those to be fixed for the future, due to the fact that the wife’s continuance in the residence relieved her for that time of the need to pay rent for other housing, but with consideration to be given to whether she has paid one half of the carrying charges on the residence property during any of that period. In view of this disposition of the appeal, we find it unnecessary to rule upon certain other contentions presented.
Judgment reversed in part, and cause remanded with directions.