272 So.2d 202 (1973)
Richard L. MORRIS, Appellant,
v.
Beatrice T. MORRIS, Appellee.
No. 72-71.
District Court of Appeal of Florida, Second District.
January 24, 1973.
Larkin & Larkin, Dade City, for appellant.
Brewton & Brewton, Dade City, for appellee.
*203 PIERCE, Judge (Ret.).
Appellant-defendant Richard L. Morris seeks review of an order denying his motion to dismiss and ordering, among other things, that the alimony in question was lump sum alimony in the amount of $5,200.00 payable in 208 weekly installments. We reverse.
Morris was the defendant in the original divorce action. Prior to the decree, the parties entered into a property settlement which provided that Morris would pay $25.00 per week as alimony for four years to his wife, but that said payments would terminate (1) if the wife remarried, or (2) if the wife removed herself from the State of Florida and remained outside Florida for a period of 180 continuous days. The court entered its final judgment of divorce on March 7, 1969, approving the conditions of the property settlement agreement except for the second condition.
On March 23, 1970, Morris filed his petition for modification of final judgment, based upon change of circumstances. The former wife did not argue change of circumstances, but instead argued that the award was a lump sum award. The court entered its order on August 6, 1970 denying Morris' motion, giving no reasons for its order.
Morris made the weekly payments until his former wife died, and on September 22, 1971, the former wife's Executrix, Josephine Ogden, filed her motion for an order of contempt for payments due after the death of the ex-wife. Morris' motion to dismiss was denied. After hearing, the court entered its order, finding that the award of alimony was lump sum alimony; that the order of August 6, 1970, in effect, found that the final judgment granted lump sum alimony in the amount of $5,200.00 payable in 208 weekly installments of $25.00 each. The court ordered Morris to pay the arrearage of $900.00 within sixty days and to continue making the payments until he had complied with the final judgment and the orders of the court.
Lump sum alimony is a vested property right, Latta v. Latta, Fla.App. 1961, 135 So.2d 443, and therefore survives death, Payne v. Payne, Fla.App. 1967, 201 So.2d 590; Van Boven v. First National Bank in Palm Beach, Fla.App. 1970, 240 So.2d 329. Lump sum alimony may properly be payable in installments, but in the cases reviewed the amount awarded was for a specific sum to be paid in full, Chester v. Chester, Fla.App. 1970, 241 So.2d 190; Pross v. Pross, Fla. 1954, 72 So.2d 671.
In the case sub judice the amount awarded was not for a specific amount, since it was to be paid at the rate of $25.00 per week contingent upon the remarriage of the ex-wife.
Morris' motion to dismiss should have been granted, and the judgment appealed is, therefore,
Reversed.
LILES, Acting C.J., and HOBSON, J., concur.