289 So.2d 39 (1974)
Patricia L. HORNE, a/k/a Patricia Horne Cecil, Appellant,
v.
Alton L. HORNE, Appellee.
No. 73-514.
District Court of Appeal of Florida, Second District.
January 25, 1974.
Rehearing Denied February 21, 1974.
Arthur D. Ginsburg, Ginsburg, Ross, Dent & Byrd, Sarasota, for appellant.
Robert J. Elkins, Law Offices of Dick Lee, Sarasota, for appellee.
BOARDMAN, Judge.
The marriage of the parties to this action was dissolved on August 20, 1970. Pursuant to the decree of divorce the trial court confirmed, approved and ratified an agreement entered into between the parties establishing and settling their rights and obligations. The agreement provided, inter alia, that the appellee/husband:
... shall pay unto the Wife, as and for salary for her services in the gun shop owned by the Husband, the sum of $35.00 per week. In the event the *40 Husband desires that the Wife no longer work in the shop, he shall pay unto the Wife, as and for alimony, the sum of $35.00 per week for a period of five (5) years, being a total of $9,100.00. In the event the Wife desires to quit working at the gun shop, Husband shall pay unto the Wife, as and for alimony, the sum of $100.00 per month for a period of five (5) years, being a total of $6,000.
From the conduct of the parties and a document titled "ADDENDUM TO SEPARATION, PROPERTY SETTLEMENT AND CUSTODY AGREEMENT" dated August 12, 1970, which document was also made a part of the final judgment, it clearly appears that the option settled upon by the parties at the time the divorce became final was the one which provided for weekly payments of $35.00. These payments were made by the appellee/husband until May 13, 1971, when the appellant/wife remarried. The husband filed a petition to modify final judgment, to which the wife filed her response and, in addition, filed a motion for contempt. After proper hearing, the trial court entered an order denying the motion for contempt and an oral motion for entry of judgment. The wife filed this timely appeal therefrom.
We are faced with the question of whether the above-quoted provision was one for periodic or lump sum alimony. If the provision was for lump sum alimony, it became a vested property right, Latta v. Latta, Fla.App.3rd, 1961, 135 So.2d 443, and survives the subsequent remarriage of the wife, absent a contrary provision in the agreement. If, on the other hand, the provision is for periodic alimony, the obligation would be modifiable and could terminate on remarriage. Morris v. Morris, Fla.App.2nd, 1973, 272 So.2d 202.
In Morris, supra, it was established that the distinction between periodic and lump sum alimony is whether the award is for an amount which is contingent upon subsequent events or is one for a specific amount. It was held in the cited case that since the obligation was terminable upon remarriage it was contingent and therefore periodic. Here, as of the date of the entry of the final judgment, the obligation of the husband was fixed in the amount of $9,100.00 payable in weekly installments of $35.00. Lump sum alimony may properly be payable in installments. Chester v. Chester, Fla.App.3rd, 1970, 241 So.2d 190. Since the obligation was for a specific amount, it is for lump sum alimony and not modifiable or terminable upon the remarriage.
We note further that the parties to the agreement were capable of drafting an agreement that would be contingent. Paragraph 3 of the agreement deals with child support. It provides that "... [s]aid sum shall be payable for the support of each child until said child becomes of age, is self-supporting, married, or dies, in which event the obligation for said payment shall cease." It is clear then that the parties knew how to draft a contingent provision. Since the provision for alimony was not drafted in this manner, it must not have been the intent of the parties that the alimony provision be contingent.
The appellee/husband contends that Paras v. Paras, Fla.App.4th, 1972, 262 So.2d 203, establishes the proper guideline for us to follow here. In Paras, the husband sought a modification of an alimony award to his wife of $250.00 per month for four years on the basis of his changed financial circumstances. We do not regard Paras as controlling this case because the only question litigated in that case was whether the agreement was as to a property settlement or alimony. Only Judge Walden, in his dissenting opinion, proceeded to the next question, namely, whether the alimony was lump sum or periodic, and he found it to be lump sum.
On due consideration of the record, briefs and oral argument, we find that the husband should be required to continue to pay the wife the weekly alimony payments of $35.00 prescribed in the agreement commencing *41 from the date the last such payment was made up to and including such time as the sum of $9,100.00 is paid in full. The said payments to begin from the date of the issuance of the mandate by this court.
For the reasons above stated, we affirm that part of the ruling of the trial court holding appellee not to be in contempt and reverse that part of the order finding that the alimony payments set forth in the property settlement agreement were rehabilitative and periodic and not lump sum alimony, and direct the trial court to enter a judgment in favor of the wife and against the husband in the sum of $3,635.00, the amount of arrearage in alimony payments due as of May 3, 1973.
Accordingly, the case is affirmed in part, reversed in part and remanded to the trial court for such proceedings as are not inconsistent with this opinion.
MANN, C.J., and GRIMES, J., concur.