315 So.2d 217 (1975)
Franklin BAKER, Jr., Appellant,
v.
Michele B. BAKER, Appellee.
No. W-235.
District Court of Appeal of Florida, First District.
June 30, 1975.
Robert Kit Korey, of Moore, Wood, Simpson & Korey, Ormond Beach, for appellant.
Charles J. Luke, II, Daytona Beach, for appellee.
RAWLS, Chief Judge.
By this appeal, appellant-husband questions that part of the final judgment of dissolution of marriage directing him to convey and transfer his interest in the marital home which was held in an estate by the entireties.
The identical allegations by each of the parties pertaining to the marital property was:
"That the parties have acquired that certain property located at 1232 Biltmore Drive, Ormond Beach, Florida, and the wife [husband in his pleading] makes a claim thereto... ."
*218 The trial court, in its final judgment found:
"That the wife, MICHELE B. BAKER, owned a house at the time of her marriage to the husband, FRANKLIN BAKER, JR., and that said home was sold and the proceeds of said sale were used to purchase an automobile and the balance thereof for living expenses."
The court then ordered inter alia:
"That the wife, MICHELE B. BAKER, be, and she is hereby awarded the marital domicile of the parties located at 1234 Biltmore Drive, Ormond Beach, Florida, and the husband, FRANKLIN BAKER, JR., is hereby ordered and directed to execute any instruments necessary to transfer title on said property to the wife."
Florida Statute 689.15 (1973) provides that upon entry of a final judgment of dissolution:
"... in cases of estates by entirety, the tenants, upon dissolution of marriage, shall become tenants in common."
This provision is subject to the following principles of law, viz.: (1) a party may be awarded all or part of an estate by the entireties to the extent that such party establishes a special equity, Heath v. Heath, 103 Fla. 1071, 138 So. 796 (1932), and Foreman v. Foreman, 40 So.2d 560 (Fla. 1949); (2) lump sum alimony, Reid v. Reid, 68 So.2d 821 (Fla. 1954), and Webb v. Webb, 156 So.2d 698 (3 Fla.App. 1963); (3) prayer for partition as provided in Florida Statute 64.041 (1973).
Appellee testified that upon dissolution of a former marriage she received the marital home and when she married appellant the formal marital home was conveyed by her to she and appellant, as tenants by the entireties. The parties then sold their equity in that home for some $5,000, and purchased a new automobile for the sum of $3,300, utilizing the remainder for living expenses. As to the marital home now in controversy, the evidence is undisputed that the down payment upon same of $500 was borrowed from the husband's mother and the monthly payments made jointly by the husband and wife.
The wife in her brief argues:
"It is well established that had the appellee come into her marriage empty-handed and barefoot, she would be entitled to one-half (1/2) of all the marital property; Steinhauer v. Steinhauer, 252 So.2d 825 (4th D.C.A., 1971)."
We observe that the foregoing observation is not a vehicle traveling on a one-way street; the same rule likewise applies to the husband. The wife also seeks comfort from this Court's opinion in Brown v. Brown, 300 So.2d 719 (1 Fla.App. 1974). The factual circumstances as to duration of marriage or special contributions by the wife to the marital partnership are in no way similar to those appearing in Brown, and thus that case is of no support to this wife. There is no evidence in this record to support the award to the wife in the name of "Special Equity". Next, the trial judge specifically denied awarding the wife alimony of any nature. Finally, the pleadings were inadequate to be considered as a prayer for partition.
The trial court erred in directing the hsuband to convey his interest in the marital home to the wife. The judgment appealed is reversed and remanded with directions that paragraph 12 of the final judgment directing the husband to execute any instruments necessary to transfer title to the martial domicile of the parties located at 1234 Biltmore Drive, Ormond Beach, Florida, be stricken. The parties are vested with title to said property as tenants in common.
Reversed and remanded with directions.
JOHNSON and MILLS, JJ., concur.