346 So.2d 591 (1977)
Fred M. JOHNSON, Appellant,
v.
Anna B. JOHNSON, Appellee.
No. DD-355.
District Court of Appeal of Florida, First District.
May 18, 1977.
Rehearing Denied June 22, 1977.
*592 Martha Blue, Flagstaff, Ariz., for appellant.
E. LeDon Anchors, Fort Walton Beach, for appellee.
ERVIN, Judge.
Appellant, Fred M. Johnson, seeks review of an order modifying the original final judgment of dissolution finding appellant owed certain arrearages in child support to the former wife and granting attorney's fees to the attorney of the former wife. As to the points on appeal assigning error in the court's order awarding arrearages for child support to appellee, we find them without merit and affirm. As to that portion of the order allowing attorney's fees to appellee's attorney, we reverse. None of the pleadings filed by the wife requested the court to award attorney's fees. The former husband had no notice of the prayer before the entry of the order. It is true that Section 61.16, Florida Statutes (1975), does not prohibit the court of its own motion to order a party to pay a reasonable amount for attorney's fees, however we do not interpret the statute to allow the court to do so without prior notice to the affected party. It has been a long standing rule that when attorney's fees are authorized by a statute, they must be specifically claimed in the pleadings. E.g., Price v. Boden, 39 Fla. 218, 22 So. 657 (1897); United States Fire Ins. Co. v. Dickerson, 82 Fla. 442, 90 So. 613 (1921). In Price v. Boden, supra, Boden filed a bill to enforce a mechanic's lien on a certain building and lot. His bill did not include a prayer for attorney's fees. A decree pro confesso was entered against certain of the defendants, and other defendants filed answers and cross bills. Later a decree was entered against all defendants foreclosing the lien and ordering the sale of the property. Still later a deficiency decree was entered. The decrees affirming the sale and *593 awarding deficiencies were affirmed, but that portion of the final decree of sale allowing attorney's fees for enforcing the mechanics lien was reversed, the court stating:
"In the bill filed by appellee Boden to enforce his lien, there is no claim for attorney's fees, and no allegation for such a demand against appellants. Under the default on the allegations of this bill, the allowance of an attorney's fee, was, in our judgment, improper, and should not have been allowed." 22 So. at 658.
We believe that to allow attorney's fees without specifically making a request for their allowance and without prior notice to the party affected would do violence to our modern rules of civil procedure requiring as they do notice to the opposing party of the claim alleged.[1] The order awarding attorney's fees is reversed. In all other respects it is affirmed.
BOYER, C.J., and MILLS, J., concur.
BOYER, Chief Judge, concurring specially.
I am in complete agreement with the foregoing opinion authored by my brother Judge Ervin. However, I would go even further. In my view, in order for attorney's fees to be properly awarded there must first be a claim therefor in the pleadings (or the evidence must have been such as to justify an amendment of the pleadings to conform to the evidence in accordance with the Rules of Civil Procedure). Such is essentially the holding of the foregoing opinion. Further though, in domestic relations matters, the party claiming attorney's fees must, in order that they be properly awarded, allege and prove financial inability to pay same himself or herself and financial ability of the other party to pay same. There must, of course, also be proof (unless specifically waived by the parties) that the attorney's services were reasonably necessary and that the amount claimed is reasonable. As in other similar matters, the parties by agreement may waive such requirements and submit the issues to the trial judge without pleading or proof, but that may be done only by explicit agreement.
MILLS, J., concurs.
NOTES
[1] The request for fees might be drafted in the following manner: Petitioner has retained the firm of ____ to represent (her or him) in this action and has agreed to pay the firm a reasonable attorney's fee. Petitioner is not financially able to pay (her or his) attorney or the costs of this action but respondent is able to do so.