356 So.2d 858 (1978)
John M. CANAKARIS, Appellant,
v.
Elaine P. CANAKARIS, Appellee.
No. FF-265.
District Court of Appeal of Florida, First District.
March 17, 1978.
Rehearing Denied April 17, 1978.
Isham W. Adams, Daytona Beach, for appellant.
William M. Barr of Raymond, Wilson, Conway, Barr & Burrows, Daytona Beach, for appellee.
BOYER, Judge.
Appellant, a physician who has become wealthy since his marriage to appellee in 1943, seeks review of portions of a final judgment of dissolution of marriage.
The parties were married while the husband was attending medical school and the wife a first year college student. She quit college to be a wife. The only child of the marriage, a son, is "grown and gone". The husband's net worth is well into seven figures. By the final judgment here appealed the trial judge awarded to the wife: (1) a one-half interest in the real property and improvements constituting the Bunnell General Hospital (which was held as tenants by the entireties), the one-half interest having a value of approximately $200,000.00; (2) a one-half interest in unimproved lots which were held as tenants by the entireties, the one-half interest having a value in excess of $25,000.00; (3) jewelry having a value in excess of $9,600.00; (4) one-half interest in a 129 shares of common stock in Flagship Bank, Inc., the one-half interest having a value at the time of the *859 final judgment in excess of $500.00; (5) a savings account in which there was deposited $15,000.00; (6) a 1974 Cadillac; (7) the marital residence in toto (which was owned as tenants by the entireties) having a value in excess of $75,000.00, together with the household furniture and fixtures having a value in excess of $10,000.00; (8) lump sum alimony in the sum of $50,000.00 payable in installments of $10,000.00 over five consecutive years and (9) permanent periodic alimony in the sum of $500.00 per week. By the final judgment the husband was also required to pay the wife's attorney's fees the amount of which was to be determined at a hearing in the future and after a motion for rehearing the husband was required to pay the wife $500.00 per week alimony pending appeal.
The husband takes a scattergun approach by his first point which he phrases as follows:
"The trial court in entering the judgment appealed abused its discretion in awarding appellee the appellant's interest in the marital residence property of the parties plus the sum of Fifty Thousand Dollars ($50,000.00) as lump sum alimony and Five Hundred Dollars ($500.00) per week as permanent or periodic alimony and retaining jurisdiction to make a further award on appellee's behalf of her costs and attorney's fees."
His second point is a bit more specific, it being:
"The trial court abused its discretion in entering the order awarding appellee Five Hundred Dollars ($500.00) per week temporary alimony pending this appeal."
In Jones v. Jones, 330 So.2d 536 (Fla.App. 1 1976) Judge Mills, speaking for this Court, said:
"The trial court has authority to order a husband to convey to the wife his undivided interest in property they own as tenants in common as lump sum alimony. Reid v. Reid, 68 So.2d 821 (Fla. 1953). But lump sum alimony should be awarded only in those instances where some special equities require it, Yandell v. Yandell, 39 So.2d 554 (Fla. 1949), and it is justified only where it serves a reasonable purpose, such as rehabilitation, or the award would be advantageous to both parties. Calligarich v. Calligarich, 256 So.2d 60 (Fla.App.4th, 1971)." (330 So.2d at page 538)
Again, in Cann v. Cann, 334 So.2d 325 (Fla.App. 1 1976) this court said:
"Lump sum alimony, sometimes known as alimony in gross, is essentially payment of a definite sum and is in the nature of a final property settlement. Hence, an award of lump sum alimony creates a vested right which survives death (Morris v. Morris, Fla.App. 2nd 1973, 272 So.2d 202) and is not modifiable nor terminable upon the divorced wife's remarriage (Horne v. Horne, Fla.App. 2nd 1974, 289 So.2d 39). Lump sum alimony may consist not only of money, but also or in lieu thereof, real or personal property, such as a marital home. (Vandervoort v. Vandervoort, Fla.App. 3rd 1974, 300 So.2d 694.) Regardless of what form it takes, `* * * Lump sum alimony is justified only where it serves a reasonable purpose, such as rehabilitation, or where the marriage's duration or the parties' financial position would make such an award advantageous to both. The wife's need and the husband's ability are still the correct equation to follow. * * *' (Calligarich v. Calligarich, Fla.App. 4th 1971, 256 So.2d 60, 61).
"Although lump sum alimony is distinguished from periodic alimony, lump sum alimony may be paid in installments. (Morris v. Morris, supra) However, in order for it to be categorized as lump sum, it must be for a definite amount and must have some reasonable relationship to the estate of the person upon which it is imposed. (Horne v. Horne, supra; Keller v. Keller, Fla. 1974, 308 So.2d 106) A further element of lump sum alimony is that it be awarded only where special equities require it or make it advisable. (Jones v. Jones, Fla.App. 1st 1976, 330 So.2d 536). The requirement that lump sum alimony be based upon special equities must not be confused with an award *860 in a dissolution of marriage action to a spouse who has acquired a special equity in property accumulated during the marriage. Such an award is not alimony. (Eakin v. Eakin, Fla. 1958, 99 So.2d 854) "Periodic alimony is an allowance payable at intermittent times (usually by the week or by the month) in a definite amount over a definite or indefinite period of time. An award of periodic alimony is appropriate according to the needs of the spouse requesting alimony and the corresponding ability of the other spouse to pay.
* * * * * *
"Permanent alimony, on the other hand, is an allowance for the support and maintenance of a spouse during his or her lifetime. Its purpose is to provide nourishment, sustenance and the necessities of life to a former spouse who has neither the resources nor ability to be self-sustaining. (Lefler v. Lefler, Fla.App. 4th 1972, 264 So.2d 112) However, `permanent' does not necessarily mean `forever'. (Ruhnau v. Ruhnau, Fla.App. 1st 1974, 299 So.2d 61)" (334 So.2d at pages 328 and 329)
A review of the record reveals no special equity of the wife in the marital home. Accordingly, in keeping with the authorities above cited, we reverse that portion of the final judgment awarding to the wife the husband's interest in the marital home owned prior to the dissolution of the marriage as tenants by the entireties.
As held and recited in numerous cases, among them being Cann v. Cann, supra, the proper formula to be followed in fixing alimony is the requesting party's need and the responding party's ability. The record before us does not sustain a need by the wife of $500.00 per week permanent, periodic alimony. We will, however, refrain from evaluating the record ourselves but instead reverse that award and remand to the trial court for the purpose of determining, based upon evidence, the needs of the wife. Additional evidence may be admitted for that purpose if the trial court and parties deem same necessary.
The temporary award of $500.00 per week alimony pending this appeal is in the nature of temporary rehabilitative alimony and, though the sum is generous, we affirm on that point.
Finally, we address the issue of attorney's fees. As already recited, the wife has, in addition to her other estate which is of considerable value, an award of $50,000.00 lump sum alimony which we decline to disturb on this appeal.
In Johnson v. Johnson, 346 So.2d 591 (Fla. App. 1 1977) we held:
"* * * in order for attorney's fees to be properly awarded there must first be a claim therefor in the pleadings (or the evidence must have been such as to justify an amendment of the pleadings to conform to the evidence in accordance with the Rules of Civil Procedure). * * Further though, in domestic relations matters, the party claiming attorney's fees must, in order that they be properly awarded, allege and prove financial inability to pay same himself or herself and financial ability of the other party to pay same. There must, of course, also be proof (unless specifically waived by the parties) that the attorney's services were reasonably necessary and that the amount claimed is reasonable. As in other similar matters, the parties by agreement may waive such requirements and submit the issues to the trial judge without pleading or proof, but that may be done only by explicit agreement." (346 So.2d at page 593)
In Patterson v. Patterson, 348 So.2d 592 (Fla.App. 1 1977) we again held:
"We are also compelled to reverse on the issue of attorney's fees. By statute, a party may be required to pay a reasonable amount for attorney's fees in an enforcement proceeding of the type involved here. Section 61.16, Florida Statutes. To support an award of attorney's fees, the prevailing party must establish that the fee is reasonable, that the requesting *861 party is unable to pay the fee, and that the opposing party is able to pay. 10A Fla.Jur., `Dissolution of Marriage, etc.', Sections 225, 229. See also Johnson v. Johnson, 346 So.2d 591 (Fla. 1st DCA 1977). It is not, of course, necessary that the requesting party, in order to establish inability to pay, be proven destitute. But, as the statute recites, the financial resources of both parties must be considered and when the requesting party has been shown to have the ability to pay for the services of his or her attorney then it is improper to require payment by the other party even though he or she may have the ability. * * *" (348 So.2d at page 596).
(See also Dresser v. Dresser, 350 So.2d 1152 (Fla.App. 1 1977).
We reverse the award of attorney's fees.
What we have said about attorney's fees does not necessarily apply to costs. The trial judge has a broad discretion in the taxing of costs, which is usually taxed in favor of the prevailing party. In many proceedings formerly cognizable on the equity side of the court, but particularly in domestic relations matters, it is often difficult to identify the prevailing party. Accordingly, unless the record reveals in a particular case that the trial court has abused its discretion in the fixing and awarding of costs that decision will not be disturbed on appeal. We find no abuse of discretions in that regard sub judice.
As initially recited, the appellant approached this appeal with a scattergun. We are not quite sure whether it was intended that other issues be presented for our consideration. However, in order to attempt to finally conclude this review and to avoid petitions for rehearing and motions for clarification, we further recite that upon an examination of the assignments of error as brought forward in Points argued in the briefs (Fla.App. Rule 3.7f.) we find no further reversible error.
Appellee's motion for attorney's fees incident to this appeal is denied.
AFFIRMED IN PART AND REVERSED IN PART and remanded for further proceedings consistent herewith.
MELVIN, J., concurs.
McCORD, C.J., dissents.
McCORD, Chief Judge, dissenting.
This was a 33-year marriage. The most recent figures shown by the record indicate that the husband's net worth in 1974 was $3,672,372 and in 1975, it was $3,749,930. The record shows that the wife was a loyal and devoted wife who was most attentive to her husband's needs and welfare. They married when the wife was 17 and the husband 21. He set out to become a medical doctor, and the wife quit college and abandoned a career for herself and helped to establish her husband in his career. She bore and raised their son and served her husband faithfully during the lean years of their struggle. When he opened his first office, she worked without pay as a receptionist until he could afford to hire employees. Later she worked without pay in the hospital which the husband established and performed various services, including even scrubbing the hospital floors. She also entertained doctors, patients, hospital employees and others to help him in his career. The record shows that she was in every way a faithful wife. On the other hand, the record shows that the husband engaged in adulterous relationships and separated from his wife to engage in such a relationship with another woman. This activity of the husband is a factor which properly should be given consideration in relation to the award of alimony to the wife. See McClelland v. McClelland, 318 So.2d 160 (Fla. 1 DCA 1975), and Pro v. Pro, 300 So.2d 288 (Fla. 4th DCA 1974). We are not privileged to substitute our judgment on findings of fact for that of the trial court who observed and heard the testimony of the witnesses. I find no error or abuse of discretion in the trial court's award to the wife of the husband's one-half interest in the marital home as lump sum alimony or in the award of permanent alimony. I would reverse as to the award of the wife's attorney's fee for the reason stated in the majority opinion, but I would in all other respects affirm.