PER CURIAM.
Husband appeals a $10,000 attorney’s fee award to wife in a dissolution judgment. We agree that the award was erroneous and reverse. Although there are conflicting estimates of the parties’ respective net worths, the record reveals that both parties have substantial assets. This court has held consistently that when a party has been shown to have the ability to pay for the services of his or her attorney, it is improper to require the other party to pay for those services, even though he or she may have the ability. See Johnson v. Johnson, 346 So.2d 591 (Fla. 1st DCA 1977); Patterson v. Patterson, 348 So.2d 592 (Fla. 1st DCA 1977); Canakaris v. Canakaris, 356 So.2d 858 (Fla. 1st DCA 1978). The pre-“no-fault” case of Valparaiso Bank & Trust Co. v. Sims, 343 So.2d 967 (Fla. 1st DCA 1977), is distinguishable in that wife there was, as noted by the court, not shown to have the ability to pay a lawyer at the time of the divorce or at the time of the fee hearing.
The award of attorney’s fees is reversed.
MILLS and ERVIN, JJ., concur.
McCORD, C. J., dissents.