366 So.2d 1210 (1979)
Jack Allan ROBINSON, Appellant,
v.
Caroline ROBINSON, Appellee.
No. JJ-308.
District Court of Appeal of Florida, First District.
January 25, 1979.
Rehearing Denied February 21, 1979.
*1211 J. Riley Davis, of Taylor, Brion, Buker & Greene, Tallahassee, for appellant.
Stanley Bruce Powell of Douglass, Powell, Powell & Davey, Tallahassee, for appellee.
ERVIN, Judge.
Once again we are confronted with a dispute between the parties to a marital dissolution proceeding over alimony. The final judgment awarded to the husband custody of the parties' only minor child, then aged 16. The wife was awarded (1) the husband's interest in the marital home as lump sum alimony together with all personal property and fixtures located within except a curio cabinet and 1/2 of an oriental rug collection, (2) rehabilitative alimony over a 20 year period, beginning with the sum of $1,400 per month for 12 months through December, 1978, and concluding with $100 per month for 12 months through December, 1996, and (3) reasonable attorney's fees and court costs. The parties were each jointly awarded as tenants in common a 1/2 interest in an 800 acre farm known as the Quail Hollow Realty, valued by both parties at $664,718.
The husband argues first that the trial court abused its discretion in awarding the wife rehabilitative alimony for a period of 20 years. While the husband agrees that it was proper for the court to award rehabilitative alimony, he argues that under the circumstances the total amount, $180,000, over a period of 20 years, was excessive. The record shows that at the time of dissolution the wife was 43 years of age, in good health, and possessed an inactive real estate license as well as a non-active cosmetologist license. Moreover, she felt she was capable of earning a living, although she had no desire to be self-supporting.
Rehabilitative alimony, like any other award of alimony, is based upon one spouse's needs and the other's ability to provide for those needs. Sisson v. Sisson, 336 So.2d 1129 (Fla. 1976). The award "contemplates sums necessary to assist a divorced person in regaining a useful and constructive role in society through vocational or therapeutic training or retraining, and for the further purpose of preventing financial hardship on society or the individual during the rehabilitative process." Mertz v. Mertz, 287 So.2d 691, 692 (Fla. 2d DCA 1973). To rehabilitate means to restore to a former capacity or to a former state. Webster's New Collegiate Dictionary (1976). The award should be limited in an amount and duration to what is necessary to maintain a person through training or education, or until he or she obtains employment or otherwise becomes self-supporting. Reback v. Reback, 296 So.2d 541 (Fla. 3d DCA 1974), cert. den. 312 So.2d 737. Rehabilitative alimony is not a substitute for either unemployment compensation or retirement benefits. The award is clearly an incentive to assist one in reclaiming employment skills outside the home which have atrophied during the marital relationship. It was not meant to remove the recipient from the job market. In Manning v. Manning, 353 So.2d 103 (Fla. 1st DCA 1977), we stated that when a wife has completed her maternal role, and provided she is in good health, she should make every effort to rehabilitate herself within a reasonable *1212 time thereafter, and when she has done so, rehabilitative alimony is to be discontinued. Again, in Smithwick v. Smithwick, 353 So.2d 572, 574 (Fla. 1st DCA 1978), we permitted the continuation of rehabilitative alimony to a wife, aged 38, in good health, during the minority of the youngest child and  for "such reasonable time thereafter as may be necessary for [her] to rehabilitate herself for employment ... ." (e.s.)
We agree that the court properly exercised its discretion in awarding rehabilitative alimony. We disagree, however, with the duration of the award. We conclude that a 20-year period of time for the wife to receive rehabilitative alimony is excessive. We feel that the award of rehabilitative alimony should be amended by the lower court's determining such reasonable time as may be necessary for the wife to rehabilitate herself for future employment, and, at the conclusion of such period, the award cease.
We reject the husband's argument that he is entitled to the wife's interest in Quail Hollow by reason of a special equity. We conclude that the evidence supports the finding, implicit in the court's final judgment of dissolution, that the husband established no special equity in the property. While Ball v. Ball, 335 So.2d 5 (Fla. 1976) held that the presumption of gift was not created merely because one spouse conveys property to himself and the other spouse as tenants by the entireties, it noted that the other spouse can negate the attempted showing of a special equity by proving that a gift was intended. We think the record supports the conclusion that the gift was in fact intended. The award to both as tenants in common to Quail Hollow is affirmed.
We reverse, however, the award of the husband's interest in the marital home to the wife as lump sum alimony. While the trial court has authority to order a husband to convey to his wife his undivided interest in the property they own as tenants in common as lump sum alimony, Jones v. Jones, 330 So.2d 536 (Fla. 1st DCA 1976), lump sum alimony should be awarded only in those instances where some special equity is required. Yandell v. Yandell, 39 So.2d 554 (Fla. 1949). Moreover it is allowed only in such circumstances where it serves a reasonable purpose, such as rehabilitation, or when the award would be advantageous to both parties. Calligarich v. Calligarich, 256 So.2d 60 (Fla. 4th DCA 1971); Jones v. Jones, supra; Cann v. Cann, 334 So.2d 325 (Fla. 1st DCA 1976); Canakaris v. Canakaris, 356 So.2d 858 (Fla. 1st DCA 1978). An additional limitation on the award is that when husband and wife are in approximately equal financial situations at the time of the marital dissolution, and there is no showing of necessity on the wife's part, even though the husband possesses the financial ability to supply the necessity  if it existed  it is error to award the spouse requesting it lump sum alimony. Cummings v. Cummings, 330 So.2d 134, 136 (Fla. 1976). The Cummings' rule was recently reaffirmed by the Supreme Court in Meredith v. Meredith, 366 So.2d 425 (Fla. 1978). Additionally, a lump sum allowance is not equitable and just unless the husband is in the position to make payment of the sum so granted over and above the requirements attendant upon the maintenance of his business or employment, or the preservation of his professional activities. White v. White, 314 So.2d 187 (Fla. 4th DCA 1975).
As in Canakaris v. Canakaris, supra, the record here reveals no special equity of the wife in the marital home. It appears, as in Cummings v. Cummings, supra, that since the parties are on the same relative footing insofar as the assets realized by each following the dissolution, no need was established by the wife for the special award. Indeed, the wife's award to a 1/2 undivided interest in Quail Hollow is worth no less than $175,000. In addition, she is awarded rehabilitative alimony, as amended by this opinion, together with most of the furniture and fixtures contained within the marital home. We fail to find the existence of any need by the wife in such award and it is reversed.
The award of attorney's fees to the wife's attorney is also reversed. The record reveals the ability of the wife to pay for her attorney's services. The financial resources of both parties must be considered and, *1213 when the requesting party has been shown to have the ability to pay for the services of her attorney, it is improper to require payment by the other party even though such party may have the ability. Patterson v. Patterson, 348 So.2d 592 (Fla. 1st DCA 1977).
Appellee's motion for attorney's fees incident to this appeal is denied.
Affirmed in part, reversed in part and remanded for further proceedings consistent herewith.
MILLS, Acting C.J., concurs.
BOOTH, J., dissenting in part and concurring in part.
BOOTH, Judge, dissenting in part and concurring in part.
I would affirm the judgment below in its entirety. The trial court would have been justified under the facts and circumstances here in awarding permanent alimony to the wife, but in an abundance of caution ordered rehabilitative alimony, scaled down from year-to-year in anticipation of the wife's possible rehabilitation. Rehabilitation into today's job market for a 43-year old woman with little work experience outside the home is extremely difficult. Bender v. Bender, 363 So.2d 844 (Fla. 1st DCA 1978); Lash v. Lash, 307 So.2d 241 (Fla. 2nd DCA 1975). Here the learned trial court considered the wife's needs, earning capacity and the husband's ability to pay and entered an order which is realistic and fair to all parties.
As to the award of the husband's interest in the marital home as lump sum alimony, I do not agree that lump sum alimony "should be awarded only in those instances where some special equity is required," as stated by the majority, or with the citation of Yandell v. Yandell, 39 So.2d 554 (Fla. 1949), in support of the holding here. The Yandell case involved the award of $22,800 cash as lump sum alimony, an award which was set aside by the Supreme Court because the record did not establish that the husband was financially able to pay the lump sum award and failed to show any special equities or "other situations which might justify or possibly require [the] award."
This Court in Baker v. Baker, 315 So.2d 217 (Fla. 1st DCA 1975) held that a spouse may be awarded all or part of an estate by the entireties to the extent that such spouse establishes (1) a special equity, or (2) lump sum alimony, or (3) the right to partition under Florida Statute § 64.041. The term "special equities" justifying an award of lump sum alimony, is not the same as "a special equity" meaning a financial or other contribution by a spouse to the acquisition of particular property. Cann v. Cann, 334 So.2d 325, 328 (Fla. 1st DCA 1976). Special equities justifying a lump sum award of alimony are circumstances such as possibility of rehabilitation, relative financial position of the parties, duration of the marriage, factors properly considered and justifying the lump sum awarded by the trial court in this case.
As to the award of attorney's fees, the trial court is in the best position to determine the relative need and financial abilities of the party, and the award of the fee, the amount of which has not yet been set, should be affirmed.
I respectfully dissent.