380 So.2d 522 (1980)
Robert B. ATKINS, Appellant,
v.
Margaret O'Connor ATKINS, Appellee.
No. 78-2201.
District Court of Appeal of Florida, Fourth District.
February 27, 1980.
Rehearing Denied March 25, 1980.
Edna L. Caruso and Montgomery, Lytal, Reiter, Denney & Searcy, P.A., West Palm Beach, for appellant.
Joel M. Weissman and James R. Rich of Christiansen, Jacknin & Myers, P.A., Palm Beach, for appellee.
*523 DOWNEY, Chief Judge.
Robert Atkins, Appellant in a marriage dissolution action seeks reversal of those portions of a final judgment of dissolution that required him to pay appellee, Margaret Atkins, (1) rehabilitative alimony of $500 per month for two years and (2) attorney's fees.
The evidence the parties presented shows the following material things. The marriage lasted approximately six years. The parties had no children. Appellant is a medical doctor specializing in ophthamology and earning $25,000 to $33,000 per year. Appellee has a Bachelor's degree in History and a Master's degree in Library Science. Throughout the marriage she worked in various capacities, namely, medical librarian, teacher in the public school system and pharmaceutical sales representative. Appellee's work as a librarian and teacher paid so poorly that appellee entered the selling field. As a sales representative for a pharmaceutical house she earned approximately $16,000 annually at the time of trial. The appellee was 34 years of age and in good health, while the appellant was 43 and had some health problems.
We have examined the record and briefs carefully in order to find any evidentiary support for an award of alimony, specifically rehabilitative alimony, and we are unable to find a predicate therefor.
Thus, it is our opinion that the facts of this case do not justify an award of any alimony to appellee. But in any event, rehabilitative alimony is especially inappropriate under these circumstances. Rehabilitative alimony is awarded to restore a person to a former capacity.[1] In making such an award the court assumes a person has a capacity for self support which has been underdeveloped or completely lost during marriage.[2] Rehabilitative alimony should be limited in amount and duration to that necessary to maintain the recipient through training or retraining.[3] Such an award is an incentive to assist one in reclaiming employment skills which have atrophied during the marriage.[4]
Insofar as her earnings are concerned, the appellee is at the apex of her career. Her present income of $16,000 annually as a sales representative is twice the income she had previously derived from any of her other varied occupations. Appellee simply needed no rehabilitation. Thus, we hold that the trial judge abused his discretion in awarding the appellee rehabilitative alimony.
With regard to the award of attorney's fees, the appellant has failed to demonstrate an abuse of discretion.
Accordingly, we reverse the award of rehabilitative alimony and affirm the final judgment in all other respects.
REVERSED IN PART; AFFIRMED IN PART.
ANSTEAD and MOORE, JJ., concur.
NOTES
[1] Rebach v. Rebach, 296 So.2d 541 (Fla. 3rd DCA 1974); Robinson v. Robinson, 366 So.2d 1210 (Fla. 1st DCA 1979).
[2] Ibid.
[3] Ibid.
[4] Robinson v. Robinson, supra at fn. 2.