UPCHURCH, Judge.
This is an appeal from a Final Order of the Circuit Court of Lake County modifying the Final Judgment of .Dissolution of Marriage in respect to alimony.
In the Final Judgment dated January 28,-1977, which was modified by the Final Order of Modification sought to be reviewed, the trial court had provided for alimony in the amount of $800 per month to be paid over a period of five years or until Wife died or remarried whichever event occurred first. In addition, the court divided other properties between Husband and Wife. The trial judge was deceased at the time of the Petition for Modification and the hearing was conducted by a judge who was a stranger to the original suit.
Section 61.14, Florida Statutes (1977), authorizes modification of an alimony decree only upon a clear showing that the circumstances of the parties or the financial ability of the Husband have changed since entry of the decree. Fowler v. Fowler, 112 So.2d 411 (Fla.1st DCA 1959). The court below in its Final Order of Modification of Final Judgment found that at the time of the Final Judgment the court had made a thorough and approximately equal division of property; that although only one child was a minor, there were two children living at home and, to a large degree, the expenses attributable to these two children were included in the Wife’s Financial Affidavit; and that the $800 per month ‘periodic’ alimony was intended by the court at the time of entry of the judgment to be rehabilitative in nature; and that the Wife was working part time, at best, at the time of the dissolution and had now obtained full time employment, thus virtually eliminating the need for rehabilitative alimony. The court also found that Dr. McIntyre was supplying the needs of his children who were now all adults.
The record reflects that Dr. McIntyre continues to enjoy a comfortable standard of living, including such luxuries as a hunting trip to Mexico at a cost of $8,000. On the other hand, Mrs. McIntyre has returned to full time employment and has an earned income of $191.00 per week. Electing to return to full time employment and live frugally has resulted in Mrs. McIntyre’s forfeiture of an amount roughly equivalent to her alimony. This result, if permitted to stand, would not be a rule which would encourage the recipient of rehabilitative alimony to seek rehabilitation quickly.
In Reese v. Reese, 330 So.2d 89 (Fla.1st DCA 1976) the court denied a Petition for Modification on similar facts, a difference being that the alimony award was for life rather than for a set term as in the case sub judice. The court held; “The husband did not show a substantial change in his circumstances . . . Although the wife’s financial condition had improved, this was *1197 contemplated by the parties at the time the stipulation and agreement was signed by them.”
From the record, the alimony award was apparently a part of the over all plan of distribution of the property of the parties. It was not a lump sum award, however, because the payments terminated upon the death or remarriage of Wife. Had it been lump sum the amount would have been a vested property right and survived the subsequent remarriage of Wife or her death. Latta v. Latta, 135 So.2d 443 (Fla.3d DCA 1961); Horne v. Horne, 289 So.2d 39 (Fla.2d DCA 1974).
The trial court in its judgment referred to the alimony as “periodic” and did not use the term “rehabilitative”. Under section 61.08 Florida Statutes (1977), the court was empowered to award alimony which “may be [either] rehabilitative or permanent in nature”. Nowhere in that chapter is the term “periodic” alimony used although “periodic" payments are authorized by section 61.08. The term “periodic alimony” has meaning only in the context of the tax treatment accorded to “periodic alimony” under the Internal Revenue Code.[1] This purpose on the part of the trial court undoubtedly resulted in a savings to Husband.
From our examination of the record, we have concluded that the trial court did not label the alimony as “rehabilitative” because it did not intend it solely as such; rather, the court intended it to be a part of an over all plan to equitably adjust the property rights and to enable the parties to have reasonably comparable standards of living. Under section 61.08(2), the court is authorized to consider any factor necessary to do equity and justice between the parties. While the successor judge was technically correct in labeling the award “rehabilitative in nature”, this fact alone is not determinative of the question presented here.
Under the facts of this case there was no showing that there had been a change in circumstances which would justify reduction or elimination of the alimony award. Dr. McIntyre’s income at the time of the final judgment was approximately $3,500 per month, and at the time of the modification hearing $4,200. He was purchasing a Cadillac automobile, owned a Winnebago motorhome, a Mako fishing boat and a pickup truck; in addition, immediately prior to the hearing, he spent $8,000 on a hunting trip to Mexico. After the dissolution, Dr. McIntyre also obligated himself to payments for the acquisition of real property. While perhaps desirable and possibly advantageous economically from an investment standpoint, these expenses should not be considered by the court in determining Dr. McIntyre’s ability to continue the alimony.
Therefore, we conclude that the court abused its discretion in terminating alimony simply because Mrs. McIntyre had shown an ability to earn an amount equal to her alimony award.
Appellant has also assigned as error the failure of the court to award attorney fees. While Appellant asked for fees, the record does not reveal that any predicate was laid for an award based on testimony, affidavits or other proof. While ordinarily fees would be awarded in a factual situation such as this, we cannot say the court below erred where Wife did not introduce the requisite proof. Nivens v. Nivens, 312 So.2d 201 (Fla.2d DCA 1975). However, Mrs. McIntyre is entitled to a reasonable amount for the services of her attorneys on appeal, the amount to be determined by the lower court on application.
REVERSED and REMANDED.
DAUKSCH, C. J„ and ORFINGER, J., concur.

. 34 Am.Jur.2d Federal Taxation ¶ 7321 (1938).