397 So.2d 1032 (1981)
Burton A. GREENBERG, Appellant,
v.
Patricia GREENBERG, Appellee.
No. 80-1193.
District Court of Appeal of Florida, Third District.
May 12, 1981.
Joseph A. Solla, Hialeah, Louis Vernell, Miami Beach, for appellant.
Talianoff & Rubin and George Talianoff, Miami, for appellee.
Before HENDRY, DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
The record is devoid of any proof of a financial inability of the wife to pay her own attorney's fees. Johnson v. Johnson, 346 So.2d 591 (Fla. 1st DCA 1977). See also Cummings v. Cummings, 330 So.2d 134 (Fla. 1976); Deatherage v. Deatherage (Fla. 5th DCA) (opinion filed February 25, 1981); Hill v. Hill, 376 So.2d 472 (Fla. 4th DCA 1979); Robinson v. Robinson, 366 So.2d 1210 (Fla. 1st DCA 1979); Ritter v. Ritter, 362 So.2d 384 (Fla. 3d DCA 1978); Butts v. Butts, 362 So.2d 349 (Fla. 1st DCA 1978); Watterson v. Watterson, 353 So.2d 1185 (Fla. 1st DCA 1977).
Appellee's argument is totally without merit. Because no formal order had been entered regarding attorney's fees, the matter was not previously argued before, nor decided upon by this court.[1] The law of the case applies where the same factual and legal issue is presented to the court a second time. See Greene v. Massey, 384 So.2d 24 (Fla. 1980); Braverman v. State, 393 So.2d 1165 (Fla. 3d DCA 1981) (Schwartz, J., specially concurring).
The order awarding fees is reversed and the cause remanded for an evidentiary hearing to determine whether an award of attorney's fees to the wife is appropriate considering the relative financial abilities of the parties; if an award is determined appropriate, the court is to also determine a reasonable fee based on the proof.
Reversed and Remanded.
NOTES
[1] Point VI of appellee's brief in the previous appeal states, "THE JUDGMENT APPEALED FROM DOES NOT BRING UP FOR REVIEW ANY AWARD OF COUNSEL FEES SINCE NO ORDER HAS BEEN ENTERED IN THE COURT BELOW FIXING COUNSEL FEES."