403 So.2d 1306 (1980)
Caroline ROBINSON, Petitioner,
v.
Jack Allen ROBINSON, Respondent.
No. 56446.
Supreme Court of Florida.
November 20, 1980.
On Rehearing June 4, 1981.
Stanley Bruce Powell of Powell, Powell & Powell, Niceville, for petitioner.
J. Riley Davis of Taylor, Brion, Buker & Greene, Tallahassee, for respondent.
PER CURIAM.
Petitioner seeks review of the District Court of Appeal, First District, decision reversing the trial court's award to petitioner of her husband's interest in their marital home as lump sum alimony, rehabilitative alimony, and attorney's fees. Robinson v. Robinson, 366 So.2d 1210 (Fla. 1st DCA 1979). Because the decision created conflict with Yandell v. Yandell, 39 So.2d 554 (Fla. 1949), we accepted jurisdiction. Art. V, § 3(b)(3), Fla. Const. (1972).
Conflict is predicated on the district court's holding that petitioner is not entitled to her husband's interest in the marital home as lump sum alimony. Citing to Yandell v. Yandell, the district court stated, "lump sum alimony should be awarded only in those instances where some special equity is required." 366 So.2d at 1212. The court found that as in Canakaris v. Canakaris, 356 So.2d 858 (Fla. 1st DCA 1978), no special equity was shown.
However, the court's decision in Canakaris was recently reversed by this Court in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). There we provided a detailed explanation of the Court's use of the term "special equity" in Yandell and concluded that the term as used in that decision concerned only the general equities of the case. We held that awarding lump sum alimony to ensure equitable distribution of property acquired during the marriage is within the trial court's discretion so long as there is some justification for the award and the paying spouse is financially able to make the payment "without substantially endangering his or her economic status." Id. at 1201.
Accordingly, the decision of the District Court of Appeal, First District, is quashed and this cause is remanded to that court with directions to affirm the judgment of the trial court.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ENGLAND and McDONALD, JJ., concur.

*1307 ON REHEARING
PER CURIAM.
We grant rehearing and clarify the opinion of November 20, 1980, as follows. The decision of the district court of appeal is quashed in its entirety, and the cause is remanded to that court to reconsider, in light of the decision of this Court in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), all of the issues it decided in hearing the appeal.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ENGLAND and McDONALD, JJ., concur.