SHIVERS, Judge.
Appellant, Ursula K. Hobart, appeals from a final judgment in which the trial court dissolved her marriage and refused her permanent alimony. Hobart raises two issues in her appeal: (1) whether the trial court abused its discretion in ordering rehabilitative rather than permanent alimony; (2) whether she was entitled to an award of permanent alimony. Our resolution of the first issue makes it unnecessary for us to reach the second. We reverse.
Mrs. Hobart was born in Germany and married her first husband, an American, there in 1955. Her first marriage produced three children. Mrs. Hobart and her husband came to the United States to live but were divorced in 1973. Appellee, Mr. Hobart, married Mrs. Hobart in Memphis, Tennessee, in April of 1975. Mr. Hobart worked as an FAA Controller in Memphis and did military reserve duty there. He has now retired from both positions. Like Mrs. Hobart, Mr. Hobart had had a previous marriage before the couple met.
In 1977, Mr. Hobart sold his home in Memphis and he and Mrs. Hobart moved to Destín, Florida. Mr. Hobart concedes that at the time of their marriage, he had significant assets in cash, stocks, and real property. At the time the trial court granted the final judgment, Mr. and Mrs. Hobart had been married for eleven years and four months.
Mrs. Hobart did not work during her marriage to Mr. Hobart, but there is contradictory evidence as to whether this was a matter of her own choice or because her husband prevented her from seeking employment. Mrs. Hobart was 49 years of age when her marriage to Mr. Hobart was terminated. She has a ninth grade German education.
On August 29, 1986, the trial court entered a final judgment dissolving the Ho-barts’ marriage. The court refused Mrs. Hobart’s request for permanent periodic alimony and granted her lump sum rehabilitative alimony of $5,000. From the trial court’s final judgment, Mrs. Hobart appeals.
We find that the trial court erred in awarding Mrs. Hobart rehabilitative alimony. There is no evidence in the record to indicate that the $5,000 which the trial court awarded Mrs. Hobart will bring her to any level of self-sufficiency. Rehabilitative alimony presupposes a potential for self-support that has been undeveloped or completely lost during the marriage. Holland v. Holland, 406 So.2d 496 (Fla. 5th DCA 1981); Atkins v. Atkins, 380 So.2d 522 (Fla. 4th DCA 1980). Rehabilitative alimony is appropriate only where the evidence suggests the wife can be raised to a financial stature that would permit her to become self-supporting. Allison v. Allison, 491 So.2d 1201 (Fla. 1st DCA 1986) *994 (citing Sever v. Sever, 467 So.2d 492 (Fla. 2d DCA 1985)).
In Evans v. Evans, 507 So.2d 1130 (Fla. 1st DCA 1987), this court held that where there is no evidence that a wife’s employment potential would be any greater in the future than it was at the time of a final judgment of dissolution, it is error to award rehabilitative alimony. Accordingly, because there was no evidence adduced to establish both that Mrs. Hobart was capable of employment and that she had the potential capacity for self-support, the trial court erred in awarding rehabilitative alimony. We therefore remand this cause to the trial court to make a factual determination as to whether Mrs. Hobart should have permanent and/or rehabilitative alimony, and if so, how much. The trial court is authorized to take additional testimony.
REVERSED and REMANDED.
NIMMONS and BARFIELD, JJ., concur.