687 So.2d 21 (1996)
Mark Lawrence STEINER, Appellant/Cross-Appellee,
v.
Lynette ROMANO-STEINER, n/k/a Lynette Campbell, Appellee/Cross-Appellant.
Nos. 95-2826, 96-734.
District Court of Appeal of Florida, Fifth District.
December 20, 1996.
Rehearing Denied February 6, 1997.
*22 Patricia L. Stowbridge of Patricia L. Stowbridge, P.A., Orlando, for Appellant/Cross-Appellee.
Sharon Lee Stedman of Sharon Lee Stedman, P.A., Orlando, for Appellee/Cross-Appellant.
HARRIS, Judge.
The primary issue on this appeal is whether the trial court erred in its application of section 61.13(4)(c), Florida Statutes in this action to modify child custody when the reason for such modification is the custodial parent's alleged refusal to honor the noncustodial parent's visitation rights. We find that the trial court erred in determining that one who seeks a change of custody under section 61.13(4)(c) must first show a substantial change of circumstances.
Concerning the father's allegations that the mother had caused tremendous difficulties in his visitations, obstructing his relationship with the child and alienating him from the child, the trial court found: "I must acknowledge that there washis case was not without merit, that I found her to be unduly obstructive of him and his relationship with the child.... [T]here is no question about the fact that she created a lot of problems that didn't need to be in this case." Even with this finding, the court failed to consider whether a transfer of custody was warranted, stating as the reason that the father failed to "reach the evidentiary threshold of a substantial change of circumstances."
We held in Williams v. Williams, 676 So.2d 493 (Fla. 5th DCA 1996), a decision not available to the trial court at the time of its ruling in this case, that when a noncustodial parent proceeds under section 61.13(4)(c), no substantial change of circumstances is necessary to be proved where a violation of visitation rights is found by the court to have occurred and the court further finds that the best interests of the child lie in transferring custody to the other parent. Since the court found that a violation had occurred in this case, it should have proceeded to determine the best interests of the child in relation to a change of custody.
We reverse the trial court's judgment which refused to consider a change of custody and remand for further action consistent with this opinion. If the court needs additional evidence on the issue concerning the child's best interests, then it may reopen the proceedings. We also reverse the court's previous award of attorney's fees since it appears that no evidence was adduced at trial to justify such award. Although the mother alleged in her complaint that she had employed counsel and needed assistance in paying counsel fees, she neither requested such fees in her complaint nor did she repeat those allegations in her testimony or make such a request at trial. Further, the parties did not stipulate that the issue of attorneys fees should be severed from the trial of the cause. See McIntyre v. McIntyre, 380 So.2d 1195 (Fla. 5th DCA 1980).
REVERSED AND REMANDED.
DAUKSCH and COBB, JJ., concur.