HORTON, Judge.
The appellant, plaintiff below, seeks reversal of that portion of a final decree of divorce which ratified, confirmed and adopted as a part of the decree a prior settlement agreement between the parties. This agreement, inter alia, provided for bimonthly alimony and child support payments.
The appellant in his complaint for divorce alleged the existence of the agreement and the fact that it provided for alimony and child support; that in the last year and a half, his earnings had been reduced to such an extent that he was unable to comply with the terms of the agreement. A copy of the agreement was attached to the complaint. The appellee moved to strike these allegations of the complaint as well as the prayer for modification and reduction.
Upon a hearing, the court struck the allegations and the prayer for relief which sought the reduction of the alimony and support payments. The granting of the appellee’s motion to strike that portion of the complaint seeking reduction in the alimony and support payments is the appellant’s lone assignment of error on this appeal.
The appellant contends the reason why the chancellor struck that portion of the complaint and prayer for reduction was his erroneous conclusion that the agreement between the parties was a property settlement agreement and, therefore, not subject to modification under the provisions of § 65.15, Fla.Stat., F.S.A. The order striking the allegations of the complaint did not assign a reason therefor, nor does the record otherwise disclose such reason. We are not at liberty to speculate as to the chancellor’s reason for entering the questioned order. Suffice it to say that whatever his reason may have been, we feel he reached the wrong legal conclusion.
We have examined the agreement, the allegations of the complaint, and the relief requested and conclude that under the prevailing authorities, the agreement of the parties was subject to modification under the terms of the statute, § 65.15, supra. See Hunter v. Hunter, Fla.App.1959, 108 So.2d 478; Kosch v. Kosch, Fla.1959, 113 So.2d 547. The agreement appears to have been executed on the 15th day of November, 1960, and the bill of complaint for divorce was filed on May 9, 1962. The appellant alleged that within the last year and a half his earnings had been reduced to such a point that he was unable to comply with the alimony and support payments provided in the agreement, and further, that the appellee-wife was able and qualified to earn ample funds for her own support. These allegations of changed circumstances were sufficient to require the chancellor to consider evidence in support thereof.
We do not suggest by our holding here that the appellant is or is not entitled to a reduction, but only that the agreement is one which is subject to modification under the statute. Accordingly, that portion of the final decree appealed is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.