Forest LEMASTERS, Petitioner-
Appellant,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent-Appellee.

No. 71-1540.

United States Court of Appeals,
Seventh Circuit.

Argued May 23, 1972.

Decided Aug. 10, 1972.

F. Pen Crosby, Indianapolis, Ind., for petitioner-appellant.

Fred B. Ugast, Acting Asst. Atty. Gen., Virginia H. Gallagher, Meyer Rothwacks, Loring W. Post, Virginia M. Hopkinson, Attys., Tax Div., Dept. of Justice, Washington, D. C., for respondent-appellee.

Before CLARK, Associate Justice,* SPRECHER, Circuit Judge, and CAMPBELL, District Judge.**

SPRECHER, Circuit Judge.

We are asked to reconsider the Tax Court's conclusion that certain payments made by a husband to his wife under a separation agreement are installment payments of a principal sum not deductible on his federal income tax return.

The taxpayer and Myrtle M. Lemasters were married in 1924 and separated in 1950. On March 12, 1953, they entered an agreement whereby the taxpayer would pay his wife half the net profits for the rest of her life and half his salary for ten years from a business in which he owned a 34 percent interest. While the agreement remained in effect, the taxpayer sold his interest in the business; the couple then entered a new agreement.

The agreement dated February 27, 1964, includes provisions that Myrtle M. Lemasters would receive the lump sum of $80,000 of the purchase price for the taxpayer's share of the business; that $8,000 would be payable in advance for the first year; that quarterly payments of $2,000 would be made thereafter until the $80,000 was paid in full; and that "the promises and covenants herein contained shall be binding on their personal representatives, heirs, successors in interest or assigns as the case may be."

Myrtle M. Lemasters received a payment of $8,000 on or about June 30, 1964. Subsequently, quarterly payments of $2,000 were made on January 2, April 1, July 1 and October 1 of each year, including 1965. Taxpayer claimed alimony deductions of $8,000 each for the years 1964 and 1965. The Commissioner's disallowance of the deductions was confirmed by the Tax Court.

A husband is allowed as a deduction amounts payable as support to his wife under a written separation agreement if those amounts are includable in the gross income of the wife. 26 U.S.C. § 215. The wife's gross income includes "periodic payments." 26 U.S.C. § 71(a) (2). Installment payments discharging part of an obligation, the principal sum of which is specified in the separation agreement, are not treated as periodic payments. Section 71(c) (1).

Despite section 71(c) (1), however, there are two ways for payments otherwise considered installment payments taxable to the husband to be considered periodic payments taxable to the wife. If the agreement provides that the principal sum is payable over a period ending more than ten years from the date of the agreement, then the installment payments are treated as periodic payments. Section 71(c) (2). In this case the final payment is due to be paid under the agreement on October 1, 1973. Since this is less than ten years from the date of the agreement of February 27, 1964, section 71(c) (2) does not apply to this case.

The second exception has been added by Treasury regulations and provides that, where payments are to be made over a period ending ten years *or less* from the date of the agreement, they may be considered periodic payments if

---

* Associate Justice Tom C. Clark, Supreme Court of the United States, Retired, is sitting by designation.

** Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

they meet two conditions (26 C.F.R. § 1.71–1(d) (3) (i)):

(a) Such payments are subject to any one or more of the contingencies of death of either spouse, remarriage of the wife, or change in the economic status of either spouse, and

(b) Such payments are in the nature of alimony or an allowance for support.

Taxpayer contends that the payments are in the nature of an allowance for support and that there are two contingencies, each of which satisfies the first condition: (1) An Indiana statute setting forth that state's public policy regarding separation agreements creates a contingency of change of economic status; and (2) Provisions in the separation agreement create a contingency in the event of the wife's death prior to the death of the taxpayer.[1]

The government contends that the payments were made in satisfaction of a property right, rather than as an allowance for support, that the two contingencies do not in fact exist, and that consequently the two conditions were not fulfilled.

Inasmuch as the taxpayer must establish both conditions to prevail, and since we conclude that the Tax Court correctly determined that the first condition regarding the contingencies was not satisfied, we need not determine whether the payments were in the nature of an allowance for support or in satisfaction of a property right or settlement. *See* Houston v. Commissioner of Internal Revenue, 442 F.2d 40 (7th Cir. 1971).

Taxpayer posits the first purported contingency on the Indiana statute (Burns Ind.Stat.Ann. § 3–1219a IC 1971, 31–2–6–1) which provides: "It is the declared public policy of this state that separation agreements which have been entered into between husband and wife . . . fairly, without fraud, duress or undue influence, shall be favored. . . ." The statute then provides that in the event of a subsequent divorce, "if the court hearing such action shall find such agreement to have been entered into fairly without fraud, duress, or undue influence, and its provisions to be equitable, the court shall in its discretion approve such agreement. . . ."

Taxpayer argues that the question of whether such an instrument was executed fairly, without fraud, duress or undue influence is a matter left to the court's discretion; hence the statute creates a contingency. Taxpayer seeks to draw a parallel between the Indiana statute and a Washington statute providing that a divorce decree as to alimony or child support may be modified and altered by the court from time to time as circumstances may require. The Commissioner ruled that the Washington statute imposed a contingency of change of economic status on payments made thereunder and qualified them as periodic payments includable in the wife's gross income. Rev.Rul. 59–190, 1959–1 Cum.Bull. 23–24.

The Indiana statute expressly declares the public policy of the state to be that separation agreements between husband and wife shall be favored. The statute strengthens the status of postnuptial agreements. In re Webb, 160 F.Supp. 544, 551 (S.D.Ind.1958). The language requiring that such agreements be entered into without fraud, duress or undue influence simply repeats the conditions which would invalidate any contract. The requirements that such contracts be entered into fairly and be equitable would be applied to any contract by a court of equity, such as a divorce court. In any event, however, the Indiana statute obviously does not introduce any contingency involving a

---

1. "Payments meeting the requirements of subdivision (i) are considered periodic payments for the purposes of section 71 (a) regardless of whether—(a) The contingencies described . . . are set forth in the terms of the . . . agreement, or are imposed by local law. . . ." 26 C.F.R. § 1.71(d) (3) (ii).

"change in the economic status of either spouse," as does the Washington statute.

■ Taxpayer purports to find a second contingency in the fact that the separation agreement provides that, if the husband predeceases the wife, the wife would be entitled to her lawful rights of inheritance; if the order of death is reversed, the husband would be entitled to his lawful rights of inheritance. Taxpayer argues that since taxpayer and his wife have no children, on Myrtle M. Lemasters' death, the unpaid payments would revert to taxpayer. This result necessarily assumes that the wife leaves no will. Taxpayer implies that the inheritance language in the agreement amounts to a mutual promise by the parties not to make a will, but the language employed does not expressly nor impliedly constitute mutual promises not to make wills. Nothing in the agreement prevents the wife from making a will and bequeathing the unpaid payments to anyone of her choice.

■ Even if the wife bequeathed the remaining payments to her husband by will or if they devolved to him by intestate succession, the payments would be subject to the possession of her personal representative and to the expenses of administering her estate and the payment of other claims and allowances. Burns Ind.Stat.Ann. § 7–123, IC 1971, 29–1–7–23. As the Tax Court noted in its opinion, in order to qualify payments as periodic, "it is the payment which must be contingent, not the possibility of a substitute recipient."

The promises and covenants of the separation agreement are binding not only on the parties themselves but also on their personal representatives, heirs, successors in interest or assigns. The payments are not contingent upon either party's death.

The decision of the Tax Court is affirmed.