DAVID R. LEHRER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lehrer v. Commissioner
Docket No. 9109-78.
United States Tax Court
T.C. Memo 1980-256; 1980 Tax Ct. Memo LEXIS 327; 40 T.C.M. (CCH) 680; T.C.M. (RIA) 80256; July 17, 1980, Filed Deal D. Huebsch, for the petitioner. Willie Fortenberry, for the respondent. SCOTT
MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1975 in the amount of $3,806.18.Some of the issues raised by the pleadings have been conceded by petitioner, leaving for our decision only whether petitioner is entitled to deduct $8,000 paid to his former wife during the year 1975 as alimony payments under sections 71 and 215, I.R.C. 1954. [1] *329 FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner, who resided in Groveland, Lake County, Florida, at the time of the filing of his petition in this case, filed his Federal income tax return for the calendar year 1975 with the Director, Internal Revenue Service Center, Chamblee, Georgia. Petitioner and Geraldine K. Lehrer were divorced by the Erie County Common Pleas Court of Ohio on January 9, 1969. The judgment of divorce (Case No. 37555) entered by the Common Pleas Court of Erie County, Ohio provided for the granting of an absolute divorce to Geraldine K. Lehrer from petitioner. It further granted the custody of the couple's minor children to Mrs. Lehrer and incorporated by reference and approved the property settlement and separation agreement entered into by the parties on December 30, 1968. This property settlement and separation agreement provided that petitioner make a monthly support payment for each of his minor children and be responsible for other of their expenses. *330 It further provided in paragraph 8 as follows: 8. The HUSBAND shall, as alimony for the WIFE, pay to the WIFE the following amounts beginning January 5, 1969 and on the same day of each month thereafter, said payments to be made through the Clerk of the Common Pleas Court of Erie County, Ohio, when and if this agreement is approved by said Court: $750.00 per month until the HUSBAND is no longer obligated for the support or education of any two of the above named three children and thereafter $800.00 per month. Until this agreement is so approved, the HUSBAND shall make such monthly payments directly to the WIFE. The Common Pleas Court of Erie County, Ohio (which the parties agree shall be the only Court having jurisdiction to do so) shall have the power to decrease the amount of such alimony, but only (1) in the event the HUSBAND is physically unable to continue the practice of medicine or the practice of medicine generally becomes substantially less profitable than at present and is financially unable to make such payments out of sources other than current income, or (2) in the event the economy suffers significant deflation; and such Court shall have the power to increase *331 such alimony in the event there is a significant increase in the HUSBAND'S earnings or in the event the economy suffers significant additional inflation. Upon the HUSBAND's 65th birthday, the monthly amount he is then required to pay the WIFE as alimony shall be reduced by 25% and continue at that reduced amount, subject to the other provisions of this Agreement. The HUSBAND'S obligation to the WIFE for alimony shall terminate immediately in the event of her death or remarriage. The obligation of the HUSBAND'S estate for alimony payments to the WIFE hereunder shall continue for one year following his death, notwithstanding any provisions above and shall thereupon terminate. After the granting of the divorce, Geraldine K. Lehrer took various enforcement actions against petitioner, culminating with a judgment which was entered by the Common Pleas Court of Erie County, Ohio in Case No. 39140, filed March 2, 1971.On or about July 16, 1971, Geraldine K. Lehrer filed an action in Civil Case No. 71-7436 in Lake County, Florida to approve a foreign judgment. The foreign judgment sought to be enforced was the monetary judgment in Case No. 39140 and not the decree of divorce entered *332 in Case No. 37555. This complaint recited in part: 3. While the parties were residents of Sandusky, Ohio, the Common Pleas Court, Erie County, Ohio, entered a Final Decree of Divorce in case no. 31940 between the parties to this action, and on March 2nd, 1971, the said Court entered a Judgment against the defendant in case No. 31940 of said Court, a copy of said Judgment is attached as Exhibit A. [2]
4. In the said Judgment, the Court provided that the defendant, David Richard Lehrer, should pay to the plaintiff, Geraldine K. Lehrer, the sum of $420.00, which was the balance owing to the defendant for alimony for the month of February 1971, and the sum of $100.00 still owed by the defendant to the plaintiff for support for February 1971, and that defendant, David Richard Lehrer, henceforth fully and punctually comply with the property settlement agreement between himself and plaintiff, Geraldine K. Lehrer, dated December 30th, 1968. * * *
6. Defendant has failed to comply with the judgment, is now in arrears as of the date of filing this action in the *333 amount of four thousand seven hundred and seventy ($4,770.00) dollars for support and alimony, and one thousand six hundred dollars for college expenses for the minor child, Ann Lehrer. On November 11, 1971, the Lake County Court entered its order establishing a foreign decree as a Florida judgment, the judgment referred to being that in Case No. 39140, Common Pleas Court of Erie County, Ohio. This judgment read as follows: This cause coming on to be heard before the Honorable W. Troy Hall, Jr., one of the Judges of the above styled Court upon the Plaintiff's Complaint to establish a foreign decree as a Florida judgment, and the Defendant's Answer to said Complaint. The said Complaint had attached to it a certified copy of a Judgment entered in the Common Pleas Court of Erie County, Ohio, in case No. 31940, wherein the Plaintiff obtained a Judgment against the Defendant and others. A copy of said Judgment is attached hereto and made a part hereof. After hearing arguments of the attorneys for the Plaintiff and the attorney for the Defendant it is ORDERED AND ADJUDGED that the above described Judgment from the Common Pleas Court of Erie County, Ohio, be entered as a Judgment *334 of this Court, and that this Court will enforce said Judgment to the medium of the remedies available for the enforcement of a Florida Judgment, including, but not limited, to Contempt, Sequestration, Receivership or Requirement as security for future payments. In early 1972, Geraldine K. Lehrer filed a petition for emergency contempt hearing for payment of alimony and support in Lake County, Florida, Case No. 71-7436, contending, among other things, that there existed an arrearage in petitioner's alimony payments to her. In an affidavit filed on April 7, 1972, in support of her petition, Mrs. Lehrer stated that she was in a very serious financial emergency because of her former husband not obeying the alimony order of Case No. 39140 in the Common Pleas Court of Erie County, Ohio and that she had-- received no alimony for the twelve (12) months of 1971 and the first three (3) months of 1972 (fifteen (15) months alimony amounts to $11,250.00) other than $1,000.00 in 1971 and $100.00 in 1972, so that $10,150.00 is now past due * * *. Petitioner filed on or about May 5, 1972, a motion for summary judgment in Case No. 71-7436 in Lake County, Florida in which he stated in part *335 that the application for a citation for contempt-- is not properly brought upon the pleadings, matters and things pending before this Court; for that this is an action for the enforcement of a foreign judgment, which is a money judgment and is not subject matter of a contempt proceedings under the rules and laws of the State of Florida; In his answer, also filed on or about May 5, 1972, petitioner stated in part as follows: 1. That he admits a final decree of divorce was entered between the parties by the Common Pleas Court of Erie County, Ohio, on or about January 9, 1969; however, this was in a different action than the one pleaded in paragraph numbered 1 of the Wife's Petition as it was entered in Case No. 37555. He admits that in Case No. 39140, Common Pleas Court of Erie County, Ohio, a certain order was entered on the 2nd day of March, 1971, but affirmatively alleges that this is a different action from the divorce action between the parties. 2. He specifically denies the allegations of paragraph numbered 2, and the Court's attention is directed to Exhibit A of Petitioner's Complaint to Establish Foreign Decree as Florida Judgment, where a copy of an ostensible judgment *336 was entered in Case No. 39140, Common Pleas Court of Erie County, Ohio. It speaks for itself. * * *
4. He admits that a certain judgment was entered in Case No. 39140, dated March 2, 1971, and it has been entered as a judgment of the Court of the Fifth Judicial Circuit of the State of Florida, but not in Case No. 39140. He further alleged as an affirmative defense in part as follows: 1. That the only matter before this Court is consideration of a certain money judgment entered in Case No. 39140 of the Common Pleas Court of Erie County, Ohio, filed March 2, 1971; and that the said DAVID RICHARD LEHRER has complied with all the provisions thereof that he is required to do under the laws of the State of Ohio and/or the State of Florida. 2. That he would show unto this Honorable Court that the said judgment was entered by the Common Pleas Court of Erie County, Ohio by constructive service and that personal service was never obtained upon the said DAVID RICHARD LEHRER, and that said Court did not have jurisdiction to enter any affirmative orders requiring performance by DAVID RICHARD LEHRER "in personam" as they did not have personal jurisdiction over the said DAVID *337 RICHARD LEHRER; further that the procedures of said Court were faulty and that said judgment is void for that the judgment was entered ex parte without petition and that copies of the petition, ostensibly in predicate of said judgment, have never been served upon the said DAVID RICHARD LEHRER, either by constructive service or other; that said default judgment is erroneous under the laws of the State of Ohio and under the laws of the State of Florida and that said judgment is therefore void as that Court did not have jurisdiction to enter such orders to DAVID RICHARD LEHRER. 3. That the final decree of divorce which was entered between the parties in Case No. 37555 of the Common Pleas Court of Erie County, Ohio, is not properly before this Court and may not be considered by this Court, nor can the property settlement contract, subject matter of the petitions and motions herein filed by the Petitioner-Wife, GERALDINE K. LEHRER. 4. That the final judgment of divorce in Case No. 37555 has not been qualified in Florida as a foreign decree for enforcement by Florida Courts; and this Court is therefore without jurisdiction to enter any order for contempt of said final decree and/or *338 the property settlement contract or by reason of a money judgment in Case No. 39140. On May 15, 1972, petitioner and Geraldine K. Lehrer entered into a Stipulation and Agreement of Settlement in Case No. 71-7436 in the Circuit Court of Lake County, Florida, which they executed in Lake County, Florida. This stipulation and agreement stated in part as follows: Whereas, the Wife and the Husband were divorced by the Erie County Common Pleas Court of Ohio, and the final decree being filed and entered of record on the 9th day of January, 1969, in case No. 37555; and Whereas, a Property Settlement and Separation Agreement which had been entered into between the parties on the 30th day of December, 1968, * * * having already been filed in these proceedings, WITNESSETH: That for and in consideration of the mutual covenants hereinafter contained, the parties hereto hereby stipulate and agree as follows; to-wit: 1. That a certified copy of the final decree of divorce which was entered in the Common Pleas Court of Erie County, Ohio, above referred to, shall be entered in these proceedings and established as a judgment of the Court of the Fifth Judicial Circuit in and for Lake County, *339 Florida.
2. That the Agreement for Settlement dated December 30, 1968 and the letter amendment dated December 31, 1968 as mentioned above, is further amended as follows: * * * d) The Husband, in addition to other payments already paid the Wife to date, shall pay to the Wife a lump sum of $44,000.00, with said sum being payable without interest, in full and complete release and settlement of all claims whatsoever of the Wife or children growing out of the previous state of coverture heretofore existing between the parties and in discharge of all requirements of the Husband to the Wife for support, alimony, property settlement or other. Upon payment of the final agreed amount herein set forth all previous Trusts, pledges, assignments, or expectancies, except as herein provided, shall be by the Wife immediately terminated and delivered to the Husband. Said settlement amount shall be paid as follows: $4000.00 by the 18th of May, 1972, $3000.00 on the 1st of August, 1972, $3000.00 on the 1st of December, 1972, $3000.00 on the 1st of March, 1973, $3000.00 on the 1st of August, 1973, $4000.00 on the 1st of December, 1973, $2000.00 on the 1st of March, 1974, $2000.00 on the 1st *340 of August, 1974, $2000.00 on the 1st of December, 1974, $2000.00 on the 1st of March, 1975, $2000.00 on the 1st of August, 1975, $2000.00 on the 1st of December, 1975 $2000.00 on the 1st of March, 1976, $2000.00 on the 1st of August, 1976, $2000.00 on the 1st of December, 1976, $2000.00 on the 1st of March, 1977, $2000.00 on the 1st of August, 1977, and $2000.00 on the 1st of December 1977. Each item shall be paid by him by cash, cashier's check, bank money order, postal money order, or certified check, payable to and delivered to the Clerk of the Circuit Court of Lake County, Florida, together with an additional sum of $1.00 for each payment, so that the Clerk can distribute said sums in accordance with this agreement. * * *
g) In all other respects it is hereby mutually agreed that said property settlement and separation agreement dated December 30, 1968 as amended by letter agreement dated December 31, 1968, is hereby superseded, cancelled, and rendered of no further force and effect by this agreement. [3]
*341 Petitioner on his Federal income tax return for the calendar year 1975 deducted as "alimony payment" the amount of $8,000.Respondent in his notice of deficiency disallowed the claimed deductions for alimony paid with the following explanation: It is determined that the payments totaling $8,000.00 which you made to your former wife, Geraldine, were not alimony payments but were installment payments on a property settlement to be paid by you over a period ending less than 10 years from the date of the decree and as such are not deductible. Accordingly, income is increased $8,000.00. OPINION Section 71(a) provides that if a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments received after such decree in discharge of a legal obligation which, because of the marital or family relationship, is imposed or incurred by the husband under the decree. Section 215 provides that a husband is entitled to deduct amounts includable in the wife's gross income under section 71. [4]
*342 Section 71(c) provides that, for the purposes of section 71(a), installment payments discharging a part of an obligation the principal sum of which is either in terms of money or property, shall not be treated as periodic payments except if the amount is to be paid over a period ending more than 10 years from the date of the decree, instrument or agreement. [5] Petitioner takes the position in this case that the payments made by him were actually made in payment of the lifetime alimony obligation established by the Erie County, Ohio divorce decree entered January 9, 1969, since at the time of the settlement agreement entered into between petitioner and his former wife in Lake County, Florida on May 15, 1972, no sum other than alimony was due by reason of the Lake County court order or any other court-ordered obligation placed upon petitioner. Petitioner further argues that the $8,000 paid in 1975 was paid in connection with a controversy over a marital judgment of the Ohio court and that petitioner was under threat of incarceration when he entered into the agreement in the Florida case. *343 For these reasons petitioner contends that the agreement entered into on May 15, 1972, did not change the character as alimony of the obligation established by the final decree of the Erie County, Ohio, Common Pleas Court. Finally, petitioner argues that the amount set forth in the settlement was not a definite amount since under Florida law the courts retain jurisdiction to modify alimony payments at any time. Petitioner points to the fact that at the time of the settlement with respect to which the $8,000 was paid there was an acknowledged $10,150 arrearage in the lifetime obligation for alimony created by the Ohio divorce decree for which he was not given credit in the 1975 payment. *344 Respondent takes the position that the settlement agreement entered into by petitioner and his former wife on May 15, 1972, replaced the prior court-ordered alimony payments, and that the payments which were to be made under the May 15, 1972, agreement did not extend for a period of more than 10 years from the date of that settlement agreement. In fact, the payment date was to end on December 1, 1977, so that the period was not 10 years from the January 9, 1969, date of the Erie County, Ohio divorce decree. If in fact as a matter of law the May 15, 1972, agreement did replace the agreement incorporated in the Erie County, Ohio divorce decree, then petitioner would not be entitled to deduct amounts paid under that agreement unless the sum to be paid was not fixed and certain. This would depend on whether under the agreement or under the law of the State of Florida there existed circumstances such as the death of either spouse, remarriage of the wife or a change in the economic status of either spouse which would cause a termination or alteration of the payments. Adams v. Commissioner,66 T.C. 830 (1976). Petitioner's primary argument is stated in his brief *345 as follows: This decree [the Ohio divorce decree] and the settlement agreement created a lifetime obligation for alimony paid periodically over a period much in excess of 10 years. This decree and the property settlement was not modified by the Florida settlement * * *. It could not have been modified inasmuch as that decree and that stipulation were not subject to the jurisdiction of the Florida court. What was accomplished by the settlement * * * was in a contested enforcement proceeding of a monetary judgment entered in a separate case known as Case No. 31940 of Ohio.This was the case qualified in Florida. It was settled by that agreement of the alimony requirements only enforceable in Florida. * * * Petitioner relies on Grant v. Commissioner,209 F.2d 430 (2nd Cir. 1953), affg. 18 T.C. 1013 (1952). Petitioner contends, based on the Grant case, that the final decree of the Ohio court of January 9, 1969, was in no way modified by the order of the Florida court accepting the agreement filed in the Florida case and that what took place in Florida was a settlement of a lifetime alimony obligation and for this reason the amount paid under *346 the settlement agreement should be deductible. Grant v. Commissioner,supra, involved a situation where a divorce decree had provided for periodic payments by the husband to the wife. The divorce decree had been entered in 1929. In May 1946, the parties entered into an agreement which recited that the husband was in arrears for alimony as of January 1, 1946, in the amount of $10,720. The agreement provided that the amount owed pursuant to the 1929 agreement should be paid and that thereafter no further amounts would be due by the husband to the wife. The circuit court in affirming this Court held that the $10,720 paid pursuant to the settlement agreement was alimony under the 1929 agreement since effectively it was a payment only of arrearages. The distinction of the payment of arrearages and an agreement which provides for a lump sum payment to be made in lieu of future alimony payments provided for in an initial agreement has been recognized in a number of case. As we pointed out in Davis v. Commissioner,41 T.C. 815, 820 (1964) -- That doctrine is that *347 where a lump sum is paid in settlement of arrearages in alimony the payment retains the characteristics of the original payments for which it is substituted, and if the latter qualified as periodic payments the former does too. Elsie B. Gale,13 T.C. 661 (1949), affd. 191 F.2d 79 (C.A. 2, 1951); Jane C. Grant,18 T.C. 1013 (1952), affd. 209 F.2d 430 (C.A. 2, 1953); Antoinette L. Holahan,21 T.C. 451 (1954), affd. 222 F.2d 82 (C.A. 2, 1955); Margaret O. White,24 T.C. 452 (1955); Sarah Dalton,34 T.C. 879 (1960).
This statement followed a recognition in the Davis case that where a separate contractual instrument has been entered into by the parties modifying, changing or replacing the provisions of the initial agreement with respect to alimony, the deductibility of a payment made pursuant to the second agreement is governed by the provisions of the second instrument. This has been the holding in a number of cases. Loverin v. Commissioner,10 T.C. 406 (1948); *348 Lounsbury v. Commissioner,37 T.C. 163 (1961), affd. 321 F.2d 925 (9th Cir. 1963); Estate of Jarboe v. Commissioner,39 T.C. 690, 694 (1963); Lemasters v. Commissioner,466 F.2d 789 (7th Cir. 1972), affirming a Memorandum Opinion of this Court. See also Young v. Commissioner,58 T.C. 629 (1972), affd. 485 F.2d 422 (10th Cir. 1973). [6]
*349 Petitioner in his testimony in the instant case recognized that what was pending in the Florida case was the "issue of back and future alimonies." Petitioner testified that at the time the settlement agreement in the Florida case was entered into he owed his former wife about $10,000 in back alimony. Petitioner in his testimony in this case in effect stated that he considered the $8,000 he paid to his former wife in 1975 as being paid pursuant to the May 15, 1972, settlement agreement. This agreement specifically provided that it superseded and replaced the agreement the parties had entered into incident to their divorce on December 30, 1968. The facts in this case clearly show that the $8,000 paid by petitioner to his former wife in 1975 was paid pursuant to the May 15, 1972, agreement and not pursuant to the December 30, 1968, agreement incorporated into the January 9, 1969, divorce decree. We therefore conclude that the $8,000 paid by petitioner was not a periodic payment unless, as petitioner contends, this amount has been shown to be in payment of arrearages owed by petitioner to his former wife under the December 30, 1968, agreement at the time the September 15, 1972, agreement *350 was entered into, or that under Florida law the agreement of May 15, 1972, should be interpreted as subject to modification by the Florida courts upon a change in economic circumstances of one of the former spouses. Under the May 15, 1972, agreement petitioner should have paid to his former wife an amount well in excess of the $10,150 arrearages which existed when the May 15, 1972, agreement was entered into by March 1, 1973, if the first payments under the agreement were applicable to arrearages. [7] The agreement makes no distinction between the amount, if any, to be applied to arrearages and the amount which is in settlement of petitioner's obligation to pay future alimony. The burden is on petitioner to show that some part of the $8,000 paid in 1975 was in payment of arrearages due on May 15, 1972, when the settlement agreement was entered into in order for any part of the $8,000 to be considered payment of arrearages. On this record petitioner has totally failed to show that any of the $8,000 paid by him to his former wife in 1975 was for arrearages due to her for alimony under the provisions of the December 30, 1968, agreement. We therefore hold that no part of the $8,000 paid *351 by petitioner to his former wife in 1975 was for arrearages in alimony payments due to her under the December 30, 1968, agreement. See Fidler v. Commissioner,231 F.2d 138 (9th Cir. 1956), affirming in part and modifying 20 T.C. 1081 (1953). Petitioner's final argument is that the payments provided for under the May 15, 1972, settlement agreement were not certain, since under Florida law the amounts were subject to modification with changed economic conditions of either the husband or wife. Petitioner relies on Fla. Stat. Ann., sec. 61.14 (1979), [8] and the cases of Rieder v. Rieder,157 So.2d 93 (Fla. Dist. Ct. App. 1963), and Hirsch v. Hirsch,309 So.2d 47 (Fla. Dist. Ct. App. 1975). Respondent takes the position that *352 jurisdiction retained by the Florida courts over payments "for, or instead of, support, maintenance, or alimony" to modify an agreement between the parties when "the circumstances or the financial ability of either party has changed" are not applicable to the type of agreement entered into by petitioner and his former wife on May 15, 1972. It is respondent's position that an agreement for a sum certain payment of alimony, whether in one or more installments, is considered by the Florida courts as effectively being a lump-sum property settlement contract. The Florida courts retain no power to modify a property settlement agreement between former spouses except upon such proof as would justify modification or cancellation of any contract between strangers. *353 In our view, the holding of the Florida courts supports respondent's position. In Zimmer v. Zimmer,328 So.2d 525 (Fla. Dist. Ct. App. 1976), which involved an agreement between former spouses for a payment to the former wife of a definite sum, the court affirmed an order of the lower court refusing to modify the agreement providing for lump-sum alimony, stating-- that character of alimony [lump-sum] is not subject to modification pursuant to sec. 61. 14 F.S. 1973. Gordon v. Gordon, Fla. App. 3d, 1967, 204 So.2d 734; Horne v. Horne, Fla. App. 2d, 1974, 289 So.2d 39. In Benson v. Benson,369 So.2d 99 (Fla. Dist. Ct. App. 1979), the court in considering a request by a former husband to modify the installment payment schedule called for in a lump-sum alimony agreement entered into by the spouses upon dissolution of their marriage, stated (at 100): We commence with the basic premise that lump sum alimony cannot be modified. Zimmer v. Zimmer,528 So.2d 525 (Fla. 4th DCA 1976); White v. White,338 So.2d 883 (Fla. 3d DCA 1976); *354 Howell v. Howell, 164 So.2d 231 (Fla. 2d DCA 1964). * * * In Benson v. Benson,supra at 100, the court stated that the husband argued that he was not seeking modification of the total lump sum to be paid but only a reduced payment schedule, and further stated that no prior Florida case had passed on that particular set of circumstances-- although we would comment that the failure to make payments pursuant to a pure property settlement agreement is not the subject of contempt proceedings. Burke v. Burke,336 So.2d 1237 (Fla. 4th DCA 1976). The court in Benson v. Benson,supra, equated an agreement for lump-sum alimony payable in installments with a property agreement. The court stated (at 100-101): We agree with the language of Sedell v. Sedell,100 So.2d 639, 642 (Fla. 1st DCA 1958), Provisions of a separation agreement constituting a final settlement of the rights which each party has in property accumulated during their marriage are to be construed in the same manner as any other *355 contract. Rights in property which have become fixed and vested under the provisions of such agreement should not be disturbed by the courts, except upon proof which would justify modification or cancellation of a contract between strangers. Each of the parties is justified in relying upon the property settlement provisions of a separation agreement in planning the future course of their respective lives.Rights acquired under such agreements cannot be destroyed nor withdrawn by the courts upon the mere representation of either party that further compliance with the contract would prove burdensome or inconvenient. * * * In Adler v. Nicholas,381 F.2d 168 (5th Cir. 1967), the court held that under Florida law an agreement between former spouses which shows that the parties intended it to be a final settlement of all obligations between them concerning their property of any kind is a property settlement which is not subject to modification by the court. See also Howell v. Howell,207 So.2d 507 (Fla. Dist. Ct. App. 1968), in which the court held that *356 where a wife relinquishes a valuable property right in consideration for which the husband agrees to pay a stipulated sum in installments, the provision is a property settlement agreement and not alimony which may be modified under Fla. Stat. Ann. sec. 61.14 (1979). The case of Rieder v. Rieder,supra, relied on by petitioner merely held that the Florida courts retain jurisdiction to modify decrees providing for alimony. The case of Hirsch v. Hirsch,supra, also relied on by petitioner, holds only that where parties are residents of Florida, the Florida courts have jurisdiction over a separation agreement executed in another state. Nothing in either of these cases holds that the Florida courts retain the power to modify an agreement between former spouses for payment to the former wife of a definite lump sum. Here, petitioner's former wife had a right under the agreement of December 30, 1968, which was incorporated into the January 9, 1969, decree of the Ohio court, to receive payments of alimony for her lifetime as long as her husband was living, and from his estate for one year following his death. She relinquished this right plus *357 the right to approximately $10,000 in alimony arrearages for a stated sum certain of $44,000 to be paid in installments. Clearly the agreement entered into between petitioner and his former wife on May 15, 1972, was an agreement for lump-sum alimony which under Florida law is in the nature of a property settlement not subject to modification by the Florida courts upon changed economic circumstances of either the husband or wife. We hold that petitioner is not entitled to the claimed deduction of $8,000 for alimony payments to his former wife in the year 1975. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect in the years in issue.↩
2. As was pointed out at the trial, "Case No. 31940" used in this complaint actually referred to "Case No. 39140."↩
3. At the trial it was pointed out that although a 1975 payment of $6,000 was called for under the agreement, the December 1974 payment was actually made by petitioner in 1975 so that his 1975 payments totaled $8,000.↩
4. Section 215 provides: SEC. 215. ALIMONY, ETC., PAYMENTS. (a) General Rule.--In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71(d) or 682, the amount thereof is not includible in the husband's gross income. (b) Cross Reference.-- For definitions of "husband" and "wife", see section 7701(a)(17).↩
5. Sections 71(a) and 71(c) provide as follows: SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule.-- (1) Decree of divorce or separate maintenance.--If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. (2) Written separation agreement.--If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly. (3) Decree for support.--If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly. * * *
(c) Principal Sum Paid in Installments.-- (1) General rule.-- For purposes of subsection (a), the installment payments discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in the decree, instrument, or agreement shall not be treated as periodic payments. (2) Where period for payment is more than 10 years.--If, by the terms of the decree, instrument, or agreement, the principal sum referred to in paragraph (1) is to be paid or may be paid over a period ending more than 10 years from the date of such decree, instrument, or agreement, then (notwithstanding paragraph (1)) the installment payments shall be treated as periodic payments for purposes of subsection (a), but (in the case of any one taxable year of the wife) only to the extent of 10 percent of the principal sum. For purposes of the preceding sentence, the part of any principal sum which is allocable to a period after the taxable year of the wife in which it is received shall be treated as an installment payment for the taxable year in which it is received.↩
6. In Wickworth v. Commissioner,T.C. Memo. 1978-14, the distinction in payment of arrearages pursuant to a second agreement and payments under a second agreement in lieu of future alimony was explained as follows: Petitioner's reliance on Holloway v. United States [70-2 USTC par. 9548], 428 F.2d 140 (9th Cir. 1970), and Davis v. Commissioner [Dec. 26,700], 41 T.C. 815 (1964), is misplaced. In those cases, the taxpayers had paid lump sums in settlement of arrearages in alimony. Where a lump sum is paid in settlement of arrearages in alimony, the payment retains the characteristics of the original payments for which it is substituted; if the latter qualified as periodic payments, the former does too. Davis v. Commissioner,supra at 820. However, unless it is to be paid or may be paid over a period of more than ten years, a lump sum settlement in lieu of future alimony is nondeductible regardless of the character of the payments for which it is substituted. See Sechrest v. Commissioner,supra; Senter v. Commissioner,supra; Loverin v. Commissioner,supra.↩
7. The record indicates that petitioner claimed deductions for alimony payments on his returns for 1972, 1973 and 1974 and that the claimed deductions were not questioned by respondent. This fact is not completely clear from the record. However, if it were to be considered material, the burden would be on petitioner to show whether or not such deductions were claimed and not disallowed.↩
8. Sec. 61.14, Fla. Stat. Ann., as applicable to the year 1975 provides: 61.14 Modification of alimony judgments; agreements, etc.
(1) When the parties have entered into, or hereafter enter into, an agreement for payments for, or instead of, support, maintenance, or alimony, whether in connection with a proceeding for dissolution or separate maintenance or with any voluntary property settlement, or when a party is required by court order to make any payments, and the circumstances or the financial ability of either party has changed, or when the child or children who are beneficiaries of an agreement or court order as described herein have reached the age of 18 years, since the execution of such agreement or the rendition of the order, either party may apply to the circuit court of the circuit in which the parties, or either of them, resided at the date of the execution of the agreement or reside at the date of the application, or in which the agreement was executed or in which the order was rendered, for a judgment decreasing or increasing the amount of support, maintenance, or alimony, and the court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances or the financial ability of the parties or the child or children, decreasing, increasing, or confirming the amount of separate support, maintenance, or alimony provided for in the agreement or order. (2) When an order is modified pursuant to subsection (1), the party having an obligation to pay shall pay only the amount of support, maintenance, or alimony directed in the new order, and the agreement or earlier order is modified accordingly. No person shall commence, or cause to be commenced, as party or attorney or agent or otherwise, in behalf of either party in any court, an action or proceeding otherwise than as herein provided, nor shall any court have jurisdiction to entertain any action or proceeding otherwise than as herein provided to enforce the recovery of separate support, maintenance, or alimony otherwise than pursuant to the order. (3) This section is declaratory of existing public policy and of laws of this state which are hereby confirmed in accordance with the provisions hereof. It is the duty of the circuit court to construe liberally the provisions hereof to effect the purposes hereof. (4) If a party applies for a reduction of alimony or child support and the circumstances justify the reduction, the court may make the reduction of alimony or child support regardless of whether or not the party applying for it has fully paid the accrued obligations to the other party at the time of the application or at the time of the order of modification. Amended by Laws 1971, c. 71-241, sec. 16, eff. July 1, 1971; Laws 1975, c. 75-67, sec. 2, eff. June 6, 1975.↩