ALLEN, Judge.
This is an appeal by the defendant wife from a final decree of divorce in 'which the lower court found, inter alia, the defendant guilty of adultery during her marriage to the plaintiff and not a fit and proper person to have the care, custody and control of the parties’ three minor children, a boy aged 6 and two girls ages 5)4 and 4 respectively. The lower court also found the plaintiff to be a proper parent and, in addition to granting him a divorce on the ground of adultery, also awarded him the custody of the three children, with reasonable visitation rights in the mother. The decree also dismissed the defendant’s counterclaim for divorce on the ground of extreme cruelty.
In this appeal the defendant is contesting only that part of the final decree which awarded the custody of the children to the plaintiff-husband.
The parties to this suit were originally married in 1952 and were divorced in August, 1960, after the wife deserted the marital home, her husband and children. The parties were remarried in December, 1960, and it is this marriage that was dissolved by the decree here appealed.
We have read the testimony adduced in this case and find the record replete with testimony as to the instances of the wife’s misconduct, both as to her relations with other men and her drinking habits-.
There is some conflict in the testimony as to the fitness of each of the parties as to the permanent care of the three children. Such conflicts are required to be determined by *89 the trial judge and an appellate court does not weigh the testimony of the witnesses. In this case a very able and revered circuit judge heard the testimony of the parties and decided it would be for the best interest of these children to be in the permanent care of the father.
We have read the testimony adduced below and concur in the determination of this cause by the lower court.
Affirmed.
KANNER, Acting C. J., and WHITE, J., concur.