NATHAN, Judge.
This is an interlocutory appeal by the wife in a dissolution of marriage action, from an order granting the husband’s petition for modification of final judgment, and requiring the wife to pay her own costs and attorneys fees; an order denying the wife’s motion to strike husband’s petition for modification; an order denying the wife’s motion to invoke the “clean hands” doctrine; an order granting the husband’s motion to strike the wife’s response to the petition for modification; and an order denying the wife’s petition for rehearing on the foregoing orders. We find no errors in these rulings of the trial court, with the exception of the order granting the husband’s petition for modification of final judgment.
Final judgment of dissolution of the marriage of Rosalie Ann Goldman and Milton George Goldman, was filed on June 28, 1974. The pertinent provisions of that judgment are,
“5. The husband shall pay to the wife as support for [the minor child] the sum of $300.00 per month commencing on July 1, 1974 until said child reaches her majority
*390 6. . The husband shall pay as additional child support the tuition of the [private school] fees, and the cost of books, directly to this school, as long as the child shall attend that school.
9. The husband shall pay to the wife pursuant to F.S.A. 61.08 the sum of $350.00 per month as permanent alimony until the wife shall die or remarry. .
11. The husband shall also pay to the wife as partial lump sum alimony the sum of $35,000.00 which partial lump sum alimony shall be paid at the rate of $350.00 per month commencing on July 1, 1974 for one hundred (100) successive months, terminating November 1, 1982. The purpose of the award of this partial lump sum alimony is to provide to the wife an additional source of support from which she may rent an apartment for herself and the parties’ minor child herein.”
The record reflects that extensive testimony was heard on the husband’s petition for modification, following which the trial judge entered an order in which he found that there was a material and substantial change in the husband’s financial ability since entry of the final judgment. The court ordered that the final judgment be amended by reducing child support payments from $300.00 per month to $200.00 per month, effective as of October, 1976; deleting the requirement that the husband pay the minor child’s private school tuition; and abating the monthly payments of $350.00 as partial lump sum alimony to the wife for the one year period from October, 1976, through September, 1977.
We find that the trial court erred in ordering that the partial lump sum alimony payments of $350.00 per month be abated for one year for the reason that lump sum alimony creates a vested interest and cannot be modified. Compare Cann v. Cann, 334 So.2d 325 (Fla. 1st DCA 1976), and cases cited therein. The trial court found that the change in the financial position of the husband required monetary relief for the husband in addition to the reduction in child support payments and the elimination of the tuition obligation. However, any such modification should have been addressed to a reduction in the payment of permanent alimony, rather than an abatement for one year of the monthly payments of partial lump sum alimony.
Therefore, these proceedings are remanded to the trial court for further hearing on the petition for modification; for reinstatement and enforcement of the monthly payments of partial lump sum alimony, relating back to October, 1976; and for consideration of a reduction in the permanent alimony payments.
Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.