369 So.2d 99 (1979)
Iris BENSON, Appellant,
v.
Seymour BENSON, Appellee.
No. 77-1249.
District Court of Appeal of Florida, Fourth District.
March 28, 1979.
*100 Marion E. Sibley, of Sibley, Giblin, Levenson & Glaser, Miami Beach, for appellant.
Kenneth W. McIntosh, of Stenstrom, Davis & McIntosh, Sanford, for appellee.
LETTS, Judge.
In this case, involving the dissolution of a marriage between two lawyers, the parties entered into a property settlement agreement (incorporated in the Final Judgment) calling for lump sum alimony payable in installments. Four months later, the husband claiming considerable diminution in income petitioned the court to extend the period over which to pay the balance owed, thereby reducing the amount of the remaining installments. The court so ordered. We reverse.
We commence with the basic premise that lump sum alimony cannot be modified. Zimmer v. Zimmer, 328 So.2d 525 (Fla. 4th DCA 1976); White v. White, 338 So.2d 883 (Fla. 3d DCA 1976); Howell v. Howell, 164 So.2d 231 (Fla. 2d DCA 1964). However, the husband here is arguing that he is not seeking a modification of the total lump sum to be paid, but only a reduced payment schedule because he does not have the present ability to continue the originally agreed to installments. We find no Florida case which has passed on this particular set of circumstances although we would comment that the failure to make payments pursuant to a pure property settlement agreement is not the subject of contempt proceedings, Burke v. Burke, 336 So.2d 1237 (Fla. 4th DCA 1976).
We agree with the language of Sedell v. Sedell, 100 So.2d 639, 642 (Fla. 1st DCA 1958),
Provisions a of a separation agreement constituting a final settlement of the rights which each party has in property accumulated during their marriage are to be construed in the same manner as any other contract. Rights in property which have become fixed and vested under the provisions of such agreement should not be disturbed by the courts, except upon proof which would justify modification or cancellation of a contract between strangers. Each of the parties is *101 justified in relying upon the property settlement provisions of a separation agreement in planning the future course of their respective lives. Rights acquired under such agreements cannot be destroyed nor withdrawn by the courts upon the mere representation of either party that further compliance with the contract would prove burdensome or inconvenient. This is particularly true when the agreement has been ratified and confirmed by the court and incorporated in a final decree of divorce. (emphasis supplied)[1]
The only other point with merit concerns the actions of the trial judge in forgiving accrued periodic support. This too was error. A court can only modify support payments prospectively from the time a petition for modification is filed. Steinau v. Steinau, 343 So.2d 631 (Fla. 4th DCA 1977).
The cross-appeal is determined to be without merit.
REVERSED AND REMANDED WITH DIRECTIONS TO ENTER AN ORDER IN ACCORDANCE HEREWITH.
DOWNEY, C.J., and MOORE, J., concur.
NOTES
[1] There is no suggestion of proof to justify cancellation of a contract in the instant case.