431 So.2d 698 (1983)
Joseph PHILIPOSE, Appellant,
v.
Elizabeth Bijou PHILIPOSE, Appellee.
No. 82-1391.
District Court of Appeal of Florida, Second District.
May 20, 1983.
John E. Karvonen of Piper, Esteva, Karvonen & Lewis, St. Petersburg, for appellant.
Philip R. Lazzara, Tampa, for appellee.
CAMPBELL, Judge.
This is an appeal from a final judgment of dissolution. The parties were married in August, 1975, in Trivandrum, Keralis, India. By custom, the marriage was arranged. After they were married, the couple lived with appellant's mother. In 1977, appellant left India for the United States, and he settled in Tampa, Florida, having come to *699 America to continue his education. Appellee continued to live with her mother-in-law but later moved to Madras, India, where she attended school. In 1980, she joined her husband in Florida. They lived in an apartment. While the parties were apart, appellant sent money to appellee only once, and she, in turn, never contributed money to him for his education. In June, 1981, they had a child, but in September of that year, appellee filed for dissolution.
At the time of the final hearing on dissolution, appellant was thirty-four years old. He is employed as an engineer with Honey-well at a salary of $31,000, has a Master's Degree in Business Administration, and is working on a Master's Degree in Computer Science. He works as a consultant with Silver L, Inc., and he owns a one-half interest in a condominium. Additionally, he presented evidence at the hearing of considerable indebtedness, and this evidence included testimony that he was behind on his mortgage payments on the condominium.
Appellee was twenty-nine years old at the time of the final hearing, and she has a Bachelor of Science Degree in Mathematics from an Indian college. She has also taken a computer course and has worked in the dietary department of an Indian hospital. She is also working towards a Master's Degree in Mathematics. She testified at the hearing that she wanted to remain in the United States to finish her education. She claimed that in accordance with Indian custom, appellant received a dowry from her father, valued by appellee at about 100,000 rupees, or $15,000. Appellant denied that he ever personally received any money from appellee's family and said that his family received only about 5,000 rupees from appellee's family.
The trial judge awarded appellee custody of the minor child. He also awarded her the apartment and its furnishings, a 1969 Volkswagen camper van, $150 per week rehabilitative alimony for four years, $1236 for arrearages in temporary alimony and child support, $35 per week in child support, and lump sum alimony of $15,000 payable in installments. Finally, the judge ordered appellant to maintain his current hospital and medical insurance and to maintain a life insurance policy that named the child as irrevocable beneficiary.
After the marriage was formally dissolved, appellee and the child returned to India, and appellant filed a motion to terminate alimony and child support and the payment of appellee's attorney's fees. After denial of this motion, as well as a motion for rehearing, he appealed.
Initially, we note that the final judgment states that the lump sum alimony installments must begin when the arrearages of $1236 have been paid. The payment of the arrearages only begins after the rehabilitative alimony is paid. However, this arrangement does not make the commencement of the lump sum award too indefinite and therefore invalid. See 24 Am.Jur.2d, Divorce and Separation § 615 (1966). See also Davis v. Davis, 347 S.W.2d 534 (Ky. 1961).
Appellant initially contends that the trial court committed reversible error in awarding $15,000 in lump sum alimony to appellee. He argues that there was no reason for this award and that the trial judge was thinking of the 100,000 rupees supposedly given to appellant when the parties married. There was a sharp dispute over the existence and the amount of this dowry, and the trial judge, sitting as the trier of fact, found for appellee. The record supports that finding, and we will not disturb it. Trobaugh v. Trobaugh, 81 So.2d 629 (Fla. 1955); Davis v. Horne, 57 Fla. 396, 49 So. 505 (1909); Koones v. Koones, 149 So.2d 88 (Fla. 2d DCA 1963).
Since the record supports the factual findings of a gift totaling $15,000 at marriage, we next must decide whether that $15,000 meets the criteria necessary for an award of lump sum alimony as established by our supreme court in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). In Canakaris, our supreme court stated that lump sum alimony may be awarded provided there is a showing of justification and *700 ability. An award of lump sum alimony is justified where the wife has assisted the husband in acquiring property or where, as here, the wife brings property into the marriage. The lump sum award is also justified where necessary to insure fair and equitable distribution of the property. In making a lump sum award, the trial judge should keep in mind that a court "may consider any other factor necessary to do equity and justice between the parties." § 61.08, Fla. Stat. (1981).
Since appellee made little financial contribution to the marriage, aside from her dowry, it is evident that the trial court made the award in an effort to make an equitable division of the marital assets with an eye to recognizing this dowry. Thus, it is clear that there was certainly a justification for the $15,000 lump sum award and so that requirement for an award of lump sum alimony was met.
We next must decide whether appellant has the financial ability to make the required payment without impairing his economic situation. Since lump sum alimony involves the payment of a fixed amount of money or property, it is a vested right, and it survives both death, Morris v. Morris, 272 So.2d 202 (Fla. 2d DCA 1973), and remarriage, Horne v. Horne, 289 So.2d 39 (Fla. 2d DCA 1974). Being vested, it is not subject to modification, Turner v. Turner, 383 So.2d 700 (Fla. 4th DCA 1980); Delehant v. Delehant, 383 So.2d 231 (Fla. 4th DCA 1980); Benson v. Benson, 369 So.2d 99 (Fla. 4th DCA 1979), even under the statutory provisions providing for modification of alimony. § 61.14, Fla. Stat. (1981). See Zimmer v. Zimmer, 328 So.2d 525 (Fla. 4th DCA 1976). It may be made payable in installments, Cann v. Cann, 334 So.2d 325 (Fla. 1st DCA 1976); § 61.08, and even when payable in installments, the lump sum award is still a fixed, vested amount. Storer v. Storer, 353 So.2d 152 (Fla. 3d DCA 1978); 25 Am.Jur.2d, Family Law § 447 (1981).
Appellant also contends that the award of lump sum alimony was erroneous because he cannot make the required weekly installments of lump sum alimony payments. When the time comes for payment of these installments, if he can demonstrate that he in fact does not have the financial ability to make those payments, he cannot be jailed for his impecunious status. See Faircloth v. Faircloth, 339 So.2d 650 (Fla. 1976). Still, the wife in that event will likely receive no payments, thus making for an inequitable situation for both parties. The husband cannot discharge his indebtedness, yet the wife receives no money.
While it is true that, as we have said, lump sum alimony vests at the time of entry of the final judgment, it is the award itself that vests and not necessarily the manner in which that award is paid. For example, the award of $15,000 of lump sum alimony is vested in appellee at the final judgment, and appellant is bound by law to pay that amount in full. However, if the stated installment amounts are also irrevocably vested in appellee and cannot be modified and if appellant is later unable to pay, the judgment, as a practical matter, has no meaning. Appellant cannot discharge his financial obligation, and appellee receives no money. However, the trial court did retain jurisdiction of the parties in the event that any modification of the terms of the final judgment became necessary. Therefore, though the total lump sum award of $15,000 is vested and is not subject to modification, the manner of payment in this case can, in fact, be modified. There is support for this solution. In 24 Am.Jur.2d, Divorce and Separation § 668 at 786 (1966), the authors state with reference to the vested nature of an award of lump sum alimony, "the ... rule is limited to cases in which the award in gross is by its terms final, unambiguous, and capable of execution, ..." (Emphasis added.)
Storer v. Storer contains language that might lead one to believe that when a lump sum installment award vests, the installment amount also vests. Even assuming that is a correct interpretation of the language used by the court in Storer, that case is distinguishable from the instant case. The husband there was a multimillionaire, *701 and there was no question of his ability to make the monthly lump sum installment payments. More important, however, this particular issue arose in the context of a discussion as to whether the trial court in that case had erred in ordering that these monthly installments of lump sum alimony should survive the death of either party, a situation not considered here.
In Goldman v. Goldman, 362 So.2d 389 (Fla. 3d DCA 1978), the court reversed an order modifying lump sum alimony payments to the wife. However, in that case, the trial judge had completely suspended lump sum alimony payments for a year. Furthermore, and as the appellate court pointed out, the trial judge could have modified the permanent alimony award to assist the husband in meeting his financial obligation. Here, there was no permanent alimony award, and our decision in this case does not wrongfully terminate appellee's vested right to receive $15,000 of lump sum alimony.
Finally, we also note that in Benson, our sister court refused to allow the husband to reduce his monthly installment payments of lump sum alimony. He had argued that he was unable to make these payments. Benson is also distinguishable because there the parties, who were both attorneys, drafted and signed a property settlement agreement that was incorporated into the final judgment. That agreement set up a schedule of lump sum installment payments. The court applied principles of contract law and stated that such agreements should never be cancelled or modified unless there was proof that would justify such an action on a contract "between strangers." 369 So.2d at 100. The court noted that there had been no proof to justify cancellation of a contract and refused to change the property settlement agreement in any way. There is no property settlement agreement in this case, and Benson has apparently not been extended beyond this specific situation. See Andrus v. Florida Department of Labor & Employment Security, 379 So.2d 468 (Fla. 4th DCA 1980). We, therefore, decline to extend Benson to the situation here presented.
The full $15,000 lump sum award still must be paid here, but if appellant petitions for modification and shows an inability to pay the present installment amounts, the trial court may, in its discretion, reduce those installments to an amount that appellant has a financial ability to pay. Conversely, if appellee later discovers that appellant's financial situation has improved, she may then petition to have the installments increased so long as they do not endanger appellant's financial situation and so long as they do not exceed the installment amounts originally stated in the final judgment. This result is equitable and comports with reason and common sense because it insures that appellee continues to receive the lump sum payments to which she is entitled without impairing appellant's ability to make those payments.
We have considered the other points raised by appellant, and we find them to be without merit. We, therefore, affirm the final judgment, but we do so without prejudice to appellant seeking a reduction in the installment amounts of lump sum alimony as contained in the final judgment upon a demonstration of his inability to make those installment payments. The full lump sum award remains fixed and vested and must be fully and finally discharged.
AFFIRMED.
HOBSON, A.C.J., and BOARDMAN, J., concur.