SCHEB, Judge.
The husband appeals and the wife cross-appeals from an order determining their property rights which was entered subsequent to a final judgment of dissolution of marriage.
The 22-year marriage of Andrew Charles Chisari and Marie Kathlene Chisari was dissolved on June 23, 1981. The wife was awarded custody of their minor child. (A second child had already attained her majority.) Subsequently, on August 6, 1982, the trial judge entered the order now being appealed, which made a final distribution of the marital property. The court found: that the parties had acquired several business interests and other property during the course of their marriage; that the husband had worked in Chicago and sent all his earnings home to support the family while living on expense money supplied by his employer; and that the wife used that income to support the family and build up the businesses that had been jointly acquired.
The court was principally concerned with the distribution of the marital home, a travel agency operated by the husband, and two card shops operated by the wife. The wife’s financial affidavit valued the marital home at $125,000, less an $88,000 mortgage. The travel agency was apparently a profitless venture with a value of approximately $52,000. This was subject to a judgment against both parties in that same amount *1310 arising from litigation concerning its purchase. The card shops, on the other hand, were owned in corporate form with the stock titled in the wife’s name. The evidence reveals that the first card shop was originally purchased by both parties in 1975 with joint marital funds. The wife managed and developed that business eventually expanding to a point where she sold the first shop and acquired two other profitable card shops worth an estimated value between $200,000 and $220,000. Her corporation has been paying her a salary of $400 per week. The husband, as noted, had been working in Chicago (since 1975) but was unemployed from late 1978 until about one year before the dissolution. At the time of the hearing, he was earning $22,000 per year with an engineering firm in St. Peters-burg. The wife claimed to have contributed some $68,000 to the travel agency from proceeds of the sale of the first card shop, but this contention is disputed by the husband.
In its final distribution of property, the court ordered
that the card shops will be the sole property of the wife. The Court makes this distribution because of the Judgment of the parties from [the travel agency], the Court determines that the husband’s interest in the card shop[s] should go to the wife to offset her liability in the Judgment.
It is FURTHER ORDERED AND ADJUDGED that [the travel agency] will be the sole property of the husband.
It is FURTHER ORDERED AND ADJUDGED that the marital home of the parties will be joint and the wife shall have exclusive possession of the home as long as there are minor children remaining at home....
The husband urges reversal of the order on two grounds. First, he contends that the trial court erred in granting the wife the card shops to offset her liability arising from the judgment against both parties resulting from the purchase of the travel agency. The wife concedes that the trial court’s reasoning in granting her the card shops was in error. Nevertheless, she maintains that her management and operation of the businesses over the years supports an affirmance of the award either on the basis of a special equity in the businesses or as lump sum alimony. The husband counters this by pointing out that to affirm the award to the wife on the basis of a special equity would be contrary to the express findings of the trial judge as to how the businesses were acquired and developed. Further, the husband argues, to approve it as an award of lump sum alimony would reduce him to financial ruin.
Second, the husband argues that the court erred in awarding the wife exclusive possession of the home as long as minor children remained there. The husband points out that prior to the date the judge entered this order, each of their two children had reached their majority. Thus, the stated purpose for the award of exclusive possession no longer existed and, therefore, the husband submits that he had a right to partition of the home. Again, the wife says this provision should be affirmed by our construing the trial court’s order to mean that she retain exclusive use and possession of the marital home until the educational, financial and psychological needs of the children have been met.
Our review of the record shows substantial competent evidence to support the trial court’s findings concerning the joint acquisition of the marital properties. However, the court seemingly ignored such finding in awarding the husband’s interest in the card shops to the wife to offset her liability for the judgment against the travel agency. The wife’s own testimony showed that the card shops were worth at least four times the amount of the judgment against the travel agency. In view of the evidence which disclosed contributions by both husband and wife in the development of the businesses, the court should have effectuated a more equitable distribution by means of special equity and lump sum alimony.
We recognize the very broad discretion of the trial judge, see, e.g., Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), and in many instances we affirm judgments irrespective of the reasoning that led to the *1311 distribution in domestic relations litigation. In this instance, however, the decision of the trial court was not only based on faulty reasoning but cannot be justified under any traditional concepts of special equity or lump sum alimony. The final result is a very disproportionate distribution of marital assets which did not properly consider the husband’s contribution to the businesses. Moreover, the provision concerning the marital home is at best ambiguous. No minor children remained at home when the order was rendered, thus making that part of the order an apparent nullity which must be revisited by the court. Additionally, the court failed to make any provision for mortgage payments or payments of taxes, insurance, and upkeep on the home. Finally, on oral argument counsel for both parties pointed out that the order appealed was fashioned without prior consultation with counsel and failed to dispose of various items of personal property, including jointly owned vehicles.
In view of our reasoning, the entire case must be reviewed by the court in order to refashion an equitable solution. In making its assessment, the court may find instructive several recent cases involving concepts of lump sum alimony and special equities. See generally Canakaris v. Canakaris; Duncan v. Duncan, 379 So.2d 949 (Fla.1980); Philipose v. Philipose, 431 So.2d 698 (Fla. 2d DCA 1983); Powers v. Powers, 409 So.2d 177 (Fla. 2d DCA 1982); Neff v. Neff, 386 So.2d 318 (Fla.2d DCA 1980).
On cross-appeal, the wife contends the court erred in not granting her sole ownership of the marital home. We reject that argument as any ground for relief to the wife at this point. However, on remand the trial judge may revisit that contention along with other contentions of the parties when he formulates a just and equitable judgment. See Duncan.
We vacate the distributions made in the order entered August 6, 1982, and remand for further proceedings in accordance with this opinion. The trial court may, but is not required to, take further testimony as to the present need and ability of the parties in order to review the matter on a current basis. See DeHart v. DeHart, 360 So.2d 1285 (Fla. 2d DCA 1978).
BOARDMAN, A.C.J., and DANAHY, J., concur.