439 So.2d 309 (1983)
Roy Eugene COTTON, Appellant,
v.
Barbara Faye COTTON, Appellee.
No. 82-2674.
District Court of Appeal of Florida, Second District.
October 7, 1983.
Rehearing Denied October 25, 1983.
Gary A. Robinson, Bonita Springs, for appellant.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellee.
RYDER, Judge.
Roy Cotton appeals from the trial court's order awarding lump sum alimony to Barbara Cotton at the conclusion of their dissolution of marriage proceeding. Appellant's primary argument deals with the award of $153,375.00 to appellee as lump sum alimony. Concerning this particular award, the trial court ordered:
That the husband be and hereby is ordered to pay to the wife lump sum alimony in the amount of One Hundred Fifty-three Thousand Three Hundred Seventy-five Dollars ($153,375.00), instanter, or the husband may pay the aforesaid lump *310 sum alimony in thirty-nine (39) equal quarterly payments of principal, together with the accrued interest at the statutory rate, the first payment of which shall be made on the first day of January 1983. The husband may prepay the entire amount due together with accrued interest, without any penalty.
The husband contends that the trial court abused its discretion in making the lump sum alimony award to the wife. Our reading of appellant's arguments to the trial court and on appeal leads us to the conclusion that appellant not only seeks to acquire his proper share of the marital property, but he also seeks to acquire appellee's share as his own.
The marital home and real property owned by the parties were valued at $284,500.00. A herd of cattle owned by the parties was valued at $47,250.00. Cash on hand was $29,649.14. Each party was awarded an equitable share of the marital property based upon marital contribution. Claughton v. Claughton, 393 So.2d 1061 (Fla. 1980).
Appellant has raised various arguments, none of which requires reversal. In fact, Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla. 1980), sets out those principles which have been closely followed by the trial court:
In granting lump sum alimony, the trial court should be guided by all relevant circumstances to ensure `equity and justice between the parties'.... A judge may award lump sum alimony to ensure an equitable distribution of property acquired during the marriage, provided the record reflects (1) a justification for such lump sum payment and (2) financial ability of the other spouse to make such payment without substantially endangering his or her economic status.
Appellee's marital contributions through her employment during the marriage and as wife and homemaker supply the justification for the award of lump sum alimony. Furthermore, the record reflects that appellant has the financial ability to pay the lump sum alimony. He is gainfully employed and, pursuant to the distribution of property, he owns substantial property and a cattle operation. The award of lump sum alimony to appellee provides appellant with flexibility in continuing the cattle operation while either paying to appellee her alimony in one payment or making payments to her over an extended period of time. See Philipose v. Philipose, 431 So.2d 698 (Fla. 2d DCA 1983).
The husband has also challenged that part of the final judgment which provides that he may pay the lump sum alimony immediately, pay the award plus accrued interest at the statutory rate over thirty-nine equal quarterly payments, or prepay the entire amount with accrued interest without any penalty. Appellant argues that periodic payments at the legal rate of interest is contrary to the meaning of section 55.03, Florida Statutes. This argument is without merit.
Lump sum alimony is a fixed amount of money or property. Once awarded, it is a vested property right which may be made payable in installments. Philipose, supra; Cann v. Cann, 334 So.2d 325 (Fla. 1st DCA 1976); Horne v. Horne, 289 So.2d 39 (Fla. 2d DCA 1974). In making that award, the trial court should consider all relevant circumstances to insure equity and justice between the parties. Canakaris, supra. Palmar v. Palmar, 402 So.2d 20 (Fla. 3d DCA 1981); § 61.08, Fla. Stat. (1981).
We hold that requiring the payment of interest, should appellant choose to pay the award on an installment basis or at some time other than immediately following judgment, is within the sound discretion of the trial court to insure that equity be done between the parties. The husband may avoid the payment of interest by paying the lump sum amount at once. The trial court has given to the husband the opportunity to keep the property, including the cattle operation, intact. The court recognized that in giving to the appellant the opportunity to retain the property, and giving to the appellant the opportunity to pay appellee the lump sum alimony over a period *311 of time, appellee should be compensated for the delay in receiving her alimony. The imposition of interest was one factor which the trial court could and did consider as necessary to do equity and justice between the parties. Canakaris, supra; § 61.08, Fla. Stat. (1981).
We also note that appellant's reliance on section 55.03, Florida Statutes, for the proposition that the trial court's authorization of the accrual of interest was improper is without merit. The trial court did not rely on that or any other particular statute in allowing the accrual of interest. The court simply ordered that interest shall accrue if appellant chooses to make periodic payments of the award "at the statutory rate." The use of that language will allow the rate of interest to go up or down, depending upon future legislative amendments to, or changes in, the statutory rate of interest. We find that the trial court's order comports with equity and justice and is adequately supported by the record.
The final order entered below is faulty in one respect: the trial court should have retained jurisdiction to entertain any further proceedings concerning the method of payment of the lump sum alimony award to the wife. Depending upon the economic future and its effect on the appellant's or the appellee's fortunes, and upon application by either party and a showing of changed circumstances necessitating reformulation in the method of payment, it may be necessary for the trial court to reconsider and formulate a new plan for payment of the lump sum award to the appellee. See Sapp v. Sapp, 275 So.2d 43 (Fla. 2d DCA 1973); § 61.14, Fla. Stat. (1981).
The other arguments advanced by appellant are without merit.
AFFIRMED, but REMANDED with instructions that the trial court retain jurisdiction to entertain the application by either party for changes in the method of payment of the lump sum alimony award.
SCHEB, A.C.J., and CAMPBELL, J., concur.