RYDER, Chief Judge.
Appellant, Edward K. Miller, and appel-lee, Frances S. Miller, were divorced in 1978 after a twenty-six year marriage. The husband is a medical doctor. One provision of the final judgment granted the wife $64,000.00 as lump sum alimony, which was to be paid when the husband’s pension and profit sharing accumulations were withdrawn or paid to him in installments. The husband appealed that judgment and this court affirmed. Miller v. Miller, 381 So.2d 776 (Fla. 2d DCA 1980).
In late 1982, the wife filed a supplemental petition requesting that the court clarify the final judgment and alleging that the $64,000.00 award was one-half of the amount then existing in the pension and profit sharing plan and that she was being deprived of her property without due process of law because she had a vested interest in the award but no access to the fund from which withdrawals were solely within the husband’s control. Because distribution was not made in 1978, the amount in the pension and profit sharing plan continued to grow and $64,000.00 no longer represented one-half of that fund. Both parties filed motions for summary judgment. The trial court granted the wife’s motion, ruling that it was the court’s intention when it entered the final judgment in 1978 to award to the wife a one-half interest in the husband’s pension and profit sharing plan and that, when distribution from the plan is made, the wife will maintain a one-half interest in it. The husband appeals from that order.
In the matter sub judice, we are faced with the problem of what the trial judge may have intended to do and the consequences of what was actually done. The original order was explicit and awarded the wife $64,000.00 as lump sum alimony but no interest in the plan. Had the wife sought an interest in the pension and profit sharing plan rather than a lump sum award of money, she had a right to appeal the trial judge’s order — but she did not. Lump sum alimony vests at the time of entry of the final judgment and is not subject to modification. Philipose v. Philipose, 431 So.2d 698 (Fla. 2d DCA 1983); Horne v. Horne, 289 So.2d 39 (Fla. 2d DCA 1974). Therefore, the trial judge erred when he modified the final judgment to grant the wife a one-half interest in the pension and profit sharing plan rather than the original lump sum of $64,000.00.
Even though a lump sum alimony award is not modifiable, the manner of its payment may be modified. Philipose. We reverse and set aside the order modifying the original final judgment without prejudice to the wife to seek a modification of the manner of payment of the lump sum *438 alimony upon a proper showing of change of circumstances.
REVERSED.
GRIMES and OTT, JJ., concur.