GRIFFIN, J.
This is the pro se appeal of the denial of appellant’s claim of entitlement to interest on a lump sum alimony award arrearage. We reverse.
The marriage between the petitioner below, Nancy L. Richmond, n/k/a Nancy L. McDougall [“McDougall”], and the respondent below, Richard R. Richmond [“Richmond”], was dissolved on May 12, 1988. The Final Judgment of Dissolution awarded McDougall the marital home and all of its fixtures and furnishings as lump sum alimony. However, the house was lost in foreclosure and it was determined that Richmond was the party at fault. Richmond was then determined to owe McDou-gall a monetary award. The Amended Final Judgment rendered on January 19, 1996 awarded McDougall the sum of $35,585.75, which was the total alimony due minus the amount paid ($5,853.47) plus attorney’s fees ($450.00). The court order ruled that this amount would bear interest at the rate of 8% per annum.
In June 1999, McDougall filed a Motion to Enforce Amended Final Judgment. A July 7, 1999 order ruled that the Amended Final Judgment had reduced the alimony and attorney’s fees to a judgment which could be enforced through contempt. On October 18, 1999, the court entered an Order of Commitment which found that Richmond had a total arrearage of $45,460, including interest. McDougall owed Richmond an arrearage of $6,765.82 in child support, so the net alimony arrearage was $38,694.18. The court found that Richmond did not have the ability to pay this lump sum but did have the ability to make monthly payments of $150.
McDougall filed a pro se motion for calculation of 8% interest and an order for the payment of interest. At the hearing on the motion, Richmond’s counsel argued that the effect of the October 18, 1999 order was to convert the judgment back to lump sum alimony and that once the court had converted the judgment back to lump sum alimony, the court could no longer award interest. No cases were cited for these propositions of law.
The trial court accepted Richmond’s argument and ruled that the October 18, 1999 order converted the judgment back to lump sum alimony and there was no authority for the court to award interest on the lump sum alimony award.
Richmond has not appeared on appeal in support of the trial court’s decision and we are unpersuaded. First, lump sum alimony, once awarded, is a vested property right which may be made payable in installments and may warrant the payment of interest. Interest is awardable on a lump sum alimony arrearage. Cotton v. Cotton, 439 So.2d 309, 310 (Fla. 2d DCA 1983). See also Catalfumo v. Catalfumo, 704 So.2d 1095 (Fla. 4th DCA 1997); Warner v. Warner, 692 So.2d 266 (Fla. 5th DCA 1997) (citing Romans v. Romans, 611 So.2d 92 (Fla. 1st DCA 1992)); Nelson-Higdon v. Higdon, 680 So.2d 524 (Fla. 1st *818 DCA 1996); Jacobson v. Jacobson, 595 So.2d 292 (Fla. 5th DCA 1992); Phillips v. Phillips, 504 So.2d 412 (Fla. 4th DCA 1987); Carrier v. Carner, 426 So.2d 1100 (Fla. 3d DCA 1983).
Nor can we find authority for the notion that the judgment issued on January 19, 1996 was transmuted into a mere order for the payment of' alimony by virtue of the court’s later enforcement order. The Amended Final Judgment, which included an award of 8% interest, was not appealed and is enforceable according to its terms. Whether it is enforceable by some other means is not an issue before this court.
REVERSED and REMANDED.
PLEUS and PALMER, JJ., concur.